HARDY, Judge.
Plaintiff sued for disability payments alleged to be due under the policy of insurance issued by the defendant company. After trial there was judgment rejecting plaintiff’s demands, from which this appeal has been taken. Plaintiff died subsequent to trial of the case and, on proper motion, his wife, Zama Gulley, individually and as natural tutrix for her minor son, was substituted as party plaintiff.
. Plaintiff’s petition alleged that he had been permanently disabled by reason of illness since June 2, 1946; that he had filed claims for weekly benefits under the terms of the policy but that defendant had failed to make payments in accordance therewith. Alternatively, it was alleged in the event of error as to beginning of the period of disability that his permanent disabililty began on February 23, 1948. Admittedly, under the terms of the policy, payment of disability benefits was limited to $7.00 per week for a period of not more than 26 weeks in any one twelve month period. The facts developed on trial showed that defendant had recognized plaintiff’s disability as beginning February 23, 1948, and made payment for 26 weeks which were due over the period of one year subsequent to said date.
On June 2, 1946, claimed to be the beginning of his disability, plaintiff was living in the State of Washington. Some evidence of questionable value bearing upon the alleged disability is found in the record but we are in hearty agreement with the finding of the District Judge to the effect that this evidence is not sufficient to support a judgment. It is not shown that application was made and received by defendant in accord with the provisions of the policy, and in view of plaintiff’s failure to satisfactorily establish the claimed disability it follows that his demands in this respect must be rejected.
In consideration of the payment covering the period February 23, 1948, to February 23, 1949, the only question remaining would concern the right to payments from February 23, 1949, until the date of Gulley’s death, December 3, 1949.
We think the record conclusively establishes the fact that Gulley was totally disabled at the time of trial, May 12, 194-9, and it is only reasonable to conclude that such disability continued until the date of death. This being so there would appear to be no doubt as to the right of the substituted parties plaintiff to recover for such period. However, from a technical standpoint, this Court is without authority to render a judgment of this character without giving defendant the opportunity to present such defense as might be interposed. For this reason, rather than render a piecemeal judgment, we prefer to remand the case for further proceedings cognizant with the views expressed in this opinion, inspired, we admit, with the hope that the parties will effect" a settlement in accord with these views without necessity of further legal proceedings.
Plaintiff also sought return of premiums paid during the period of alleged disability but we do not find that he is entitled to this relief under the policy provisions. It is true that he paid these premiums but it is also evident that he *849 received continuing protection by reason of such payments. Neither do we think the claim for attorney’s fees -is justified under the circumstances since no bad faith or neglect has been established on the part of defendant.
For the reasons assigned the case is remanded to the Honorable the Tenth Judicial District Court in and for the Parish of Natchitoches, State of Louisiana, for further proceedings. Costs of both courts to this point are taxed against defendant-appellee.