AYRES, Judge.
The object of this suit is the recovery of disability payments alleged to be due under a policy of insurance issued by defendant to Rayford Gulley as the insured. This cause was heretofore before this court and our opinion therein, 51 So.2d 847, 848, details the facts, but, for a proper understanding of the issues now presented, a brief restatement appears necessary.
The insured instituted this suit October 22, 1948, alleging that he had been permanently disabled within the terms and provisions of said policy since June 2, 1946, and that in the alternative the disability began February 23, 1948. During such permanent disability the policy provided for the payment of benefits during 26 weeks of any 12-month period. This court denied recovery for lack of sufficient proof of disability for the period beginning June 2, 1946, and stated:
“In consideration of the payment covering the period February 23, 1948, to February 23, 1949, the only question remaining would concern the right to payments from February 23, 1949, until the date of Gulley’s death, December 3, 1949.
“We think the record conclusively establishes the fact that Gulley was totally disabled at the time of the trial May 12, 1949, and it is only reasonable to conclude that such disability continued until the date of death. This being so, there would appear to be no • doubt as to the right of the substituted parties plaintiff to recover for such , period. However, from a technical stándpoint, this| Court is without authority to' render a judgment of this *343 character without giving defendant the opportunity to present such defense as might be interposed”.
Consequently, the case was remanded and trial was again had in the district court March 19, 1953, whereupon plaintiff’s demands were again rejécted and an original judgment of December 3, 1953, and corrected December 15, 1953, was signed, from which plaintiff, as the surviving widow of the insured and as natural tutrix of a minor son, was granted a devolutive appeal to this court.
Defendant denies that plaintiff is entitled to receive the benefits .provided in the policy after the lapse thereof ,for nonpayment of premiums. A primary question to be determined is whether or not it has been established that the policy in fact lapsed for such nonpayment of premiums. Plaintiff strenuously objected to the evidence offered by the defendant on this question, for the reasons, first, that the question of the payment of the premiums .had theretofore been foreclosed because of defendant’s admission and stipulation in the record that all premiums had been paid; second, that the testimony offered was hearsay, and, third, that defendant was estopped because plaintiff had acted upon the admission and stipulation that all premiums had been paid.
On the initial trial of Rfay 12, 1949, upon the insured offering to make proof of the payment of the premiums, defendant’s counsel stated:
■ “Let me suggest this, if you are offering it for the purpose of showing he paid the premiums, that is admitted without offering. There is no contention that he hasn’t paid. the premiums” ;
and again he stated:
“As I said, there is no contention about that. We are not contending that he hasn’t paid the premiums. In fact, it is alleged and we admitted that”.
Subsequently to the remanding of this cause no further issue was raised or tendered as to the nonpayment of premiums on the policy in question; no supplemental answer or other pleadings were filed by the defendant. Notwithstanding, however, defendant sought to establish by deposition dated March 13, 1953, of Walter S. Bear-den, Jr., manager of the industrial department of the defendant, who, testifying from the defendant’s records, asserted that the last premium payment was made for a period through September 6, 1948, which carried the policy through September 13, 1948, and that, by reason of a four weeks’ grace period, the policy continued in full force and effect until October 11, 1948, when the health and accident feature of the policy, according to his interpretation, lapsed in its entirety.
Defendant’s admission and stipulation with reference to the payment of premiums heretofore referred to were made at. a time when the insured, as plaintiff, was -present -and engaged in the prosecution of his claim. The nature of the evidence offered on the final trial of this cause was to the effect that the premiums had not. been paid for some six months prior to the time the admission was made and the stipulation entered into. This evidence was offered after the insured’s voice was eternally silenced from speaking in • rebuttal.
31 C.J.S., Evidence, ' § 307, p. 1083, states the general rule relative to stipulations and agreements as to facts:
' “An agreed statement of facts or other stipulations by counsel, as to matters of fact within the scope of their professional functions, binds the party as a judicial admission, although it was made before issue joined; and such an admission is competent evidence against the party, provided, of course, it is relevant to the issue on which it is offered. .
“Where these agreements are made to avoid continuances to expedite the trial of a cause, or for some other specific purpose, and are by their terms limited to a particular occasion or .temporary object, ’ they possess no *344 force beyond the occasion or after the purpose has been accomplished. If, however, the admissions are on their face unqualified, no limitation to the pending trial is implied, but if by their terms they are not limited, and are unqualified admissions of facts, the limitation is not implied, and they are receivable as judicial admissions, in any subsequent trial of the cause between the parties, in the absence of fraud or mistake in making the agreement”.
To the same effect, the general rule is stated in 20 Am.Jur., Page 469, “Evidence”, Section 557:
“A separate class of admissions generally known as ‘judicial admissions’ consists in statements made by parties in the course of judicial proceedings. The class includes • admissions in pleadings, which are discussed in another part of this article. Judicial admissions are evidence against the party who made them, including the state in a criminal prosecution, and may constitute the basis of a verdict, whether made in writing or orally by counsel. The view is that admissions made in the course of judicial proceedings are substitutes for, and dispense with, the actual proof of facts. The rule generally accepted is that judicial admissions are admissible at a subsequent trial of the same suit and in another civil or criminal proceeding involving the same issue, or in which the admissions are pertinent to the issue, unless they were made only for the purposes of a trial pending when made, or were withdrawn with the permission of the court, or unless the court in the exercise of its discretion deems it proper to relieve the party therefrom”. .
Defendant’s admission and stipulation were unqualified and unlimited. To permit a repudiation thereof after it had become impossible to ever obtain the insured’s version of the matter, would, in our opinion, be against good conscience. We are, therefore, of the opinion that the matter of the payment of premiums was foreclosed and the testimony offered not properly admissible, and that plaintiff’s objection to its introduction should have been sustained, and, too, that defendant was estopped to urge a lapse .of the policy on the ground of nonpayment of premiums.
Moreover, plaintiff’s second objection that the testimony offered was hearsay is not without considerable merit. Granting that the defendant’s records, from which its manager testified, would, if properly identified, be admissible in evidence, those records were not identified and offered in evidence. The witness’ testimony based thereon was objectionable as not being the best evidence. The records themselves were the best evidence of their contents. Inasmuch as the witness had" no personal knowledge of the matter at issue but only such information as reflected by the company’s' records, it' is clear that • it has not been sufficiently shown that the policy lapsed for the nonpayment of premiums or that the disability benefits had in any way become forfeited.
The insurance contract provided' for the payment of weekly benefits' during disability for a period not exceeding 26 weeks in any one 12-month' period. The interval with which we are now concerned began February 23, 1949, during which it was the duty of the defendant to pay the stipulated benefit of $7 per week for each and every week as they expired until' the expiration of the 26 weeks of that 12-month period, which interval ended on or about August 24, 1949. We are unable to find in the contract any provision justifying or providing for the payment of these benefits on any proportionate basis wherein the insured survived the 26 week disability period but whose death occurred within such 12-month period. Defendant certainly should gain no advantage by its. failure to promptly pay the weekly benefits, under the terms of the policy.
The matter of attorney’s fees as. penalties was considered by this court. *345 in its original hearing herein and the court .§aid:
“Neither do we think the claim for •attorney’s fees is justified under the •circumstances since no bad faith or negligence has been established on the part of defendant”.
A review of the matter and the fact that the case was remanded by this court for a trial on the merits do not, in our opinion, present such a situation as would justify •an award of penalties under LSA-R.S. .22:657.
For these reasons, the judgment appealed from is annulled, avoided and reversed, and it is now ordered, adjudged and decreed there be judgment in favor ■of the plaintiff, Zama Gulley, individually •and as natural tutrix of her minor son, Rayford Gulley, Jr., against the .defendant, National Life and Accident Insurance •Company, for the full sum of $182, with five percent per annum interest thereon from August 24, 1949, until paid, and for all costs.
Reversed and rendered.