FRUGÉ, Judge.
Plaintiff, a tenured school principal, brought suit in the district court seeking to overturn a determination of the Calcasieu Parish School Board that plaintiff should be reduced in rank from principal to classroom teacher on the grounds of incompetency and neglect of duty. The lower court upheld the action of the School Board in relieving the plaintiff of his responsibilities as principal and the plaintiff has appealed to this court.
On appeal, the plaintiff does not urge that the School Board was erroneous in finding him guilty of incompetence and neglect of duty on seven specific charges, nor does he allege a lack of formál written notice of the charges as required by the tenure statute, R.S. 17:443. Furthermore, there is no contention that the formal hearing before the School Board was improperly conducted or that the evidence adduced at that hearing was inaccurate, irrelevant or insufficient. Plaintiff-appellant does argue, however, that the disciplinary action taken by the Board at the formal hearing was premature and unreasonable because, prior to the hearing, he was not given notice of his executive inadequacies and violations of the school board rules. Plaintiff contends that before disciplinary action can be lawfully commenced, as a matter of law he is entitled to advance warning of *387 any deficiencies in his administration as school principal, thus providing him with an opportunity to correct any such inadequacies, citing Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959); Johns v. Jefferson Davis Parish School Board, 154 So.2d 581 (La.App. 3d Cir. 1963); Singleton v. Iberville Parish School Board, 136 So.2d 809 (La.App. 1st Cir. 1961); Tichenor v. Orleans Parish School Board, 144 So.2d 603, 4 A.L.R. 3d 1084 (La.App. 4th Cir. 1962).
We cannot agree with plaintiff-appellant’s contention that before the School Board could lawfully remove him from his position as principal they must afford him an opportunity to rectify the conditions on which removal was founded, under the penalty of having the entire proceedings annulled.
In the first place, the plaintiff’s removal was based chiefly on his incompetence as an educational executive and his failure to provide his faculty with adequate guidance and leadership. While some of the complaints against the plaintiff herein were based on his alleged violation of specific school board rules, many were not, and we have grave doubts whether the undesirable conditions and highly strained principal-faculty relationship as found by the Board would have been relieved overnight by the simple expedient of a word of warning from the plaintiff’s superiors. We have examined the cases cited by plaintiff in support of his contention that a forewarning was necessary and we find nothing in those cases which indicates to us that no matter how great the breach of duty or how gross the indications of incompetency, a tenured teacher must be given notice of his transgressions and afforded a (second) opportunity to demonstrate his competence.
Furthermore, there is ample evidence in the record to indicate that the plaintiff knew or should have known of the rapidly deteriorating relationship between himself and his faculty prior to his removal from office. Some months prior to the demotion of the plaintiff to his present position as classroom teacher, Mr. Clint Hanchey, the Assistant Superintendent of Schools for Calcasieu Parish, was informed by supervisory personnel of the dissension and unrest among the members of the plaintiff’s faculty. Mr. Han-chey testified that the day after hearing this report he went to the school and conferred with the plaintiff for perhaps an hour about the reports which he had received concerning teacher unrest at the school (Tr. 680). Mr. Hanchey further testified that during the conference the plaintiff was very attentive but made no commitments and did not indicate that he would do anything (Tr. 683). There is also evidence in the record which indicates that during the spring semester preceding the November suspension of the plaintiff, a teacher committee composed of four volunteers met with the plaintiff in an effort to improve the then deteriorating principal-faculty relationship (Tr. 431^-32, 791). That these consultations failed in their purpose is evidenced by the fact that thirty teachers out of a faculty of thirty-three initiated and supported the complaints which ultimately resulted in the removal of the plaintiff as head of that faculty.
In summary, we feel that the Board’s finding that the plaintiff herein could no longer adequately fulfill the requirements of his former position is fully supported by the record before us. As did the trial judge, we conclude that the formal hearing was conducted with adequate notice and fundamental fairness. And under the well settled principle that the determinations of administrative and quasi-judicial authorities should not be disturbed by reviewing courts without a clear demonstration of' substantial error or evi-dentiary inadequacy, we hereby affirm the decision of the Board. State ex rel. Rathe *388 v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (1944) ; Singleton v. Iberville Parish School Board, supra; Dakin, Work of the Louisiana Supreme Court for the 1953-54 Term — Administrative Law, 15 La.L.Rev. 318 (1955).
For the foregoing reasons, the judgment of the district court is hereby affirmed, the plaintiff-appellant to bear the cost of all proceedings.
Affirmed.