FRUGÉ, Judge.
This is an appeal by plaintiff-appellant, Joshua Frank, from a judgment after trial of the district court sustaining the action taken by the St. Landry Parish School Board in dismissing him as a tenured teacher and principal of the Phillis Wheat-ley High School, Melville, Louisiana.
The discharge complained of was based on the finding that plaintiff was guilty of willful neglect of duty, dishonesty, and of incompetence in his position. The procedures employed were in compliance with those set out in the Teachers’ Tenure Act, LSA-R.S. 17:441 et seq.
In his appeal, plaintiff alleges error in three respects. He alleges that there was a lack of evidence upon which the court could affirm the dismissal. He alleges that the court erred in permitting the introduction into evidence of the record of a criminal trial which took place subsequent to the School Board hearing, and was not one of the specific charges in the School Board’s resolution dismissing him. Lastly, he alleges that the court erred when it found that the School Board had sufficient evidence to dismiss him as a tenured teacher when the resolution of the School Board did not charge him in that capacity and no evidence whatsoever was introduced against him as a tenured teacher.
In the resolution charging plaintiff, the school board made numerous allegations, the number of which would not permit us to reproduce them in full. For the purposes of this appeal, we shall summarize the allegations under each of the three specific categories; dishonesty, willful neglect of duty, and incompetence.
Under the heading of dishonesty, the charges included making false reports resulting in unlawful expenditures of school funds in that he failed to report himself and other teachers absent from duty, and falsely reported certain school bus drivers as making two routes daily, whereas in truth, only one route daily was being made by these drivers. Plaintiff was charged with using and failing to report unauthorized persons doing substitute teaching, and with failing to pay local school obligations.
Under the charge of willful neglect of duty, in addition to a repetition of the charges under dishonesty, the Board al *64 leged that plaintiff failed to carry out directions and recommendations of the Superintendent and staff of the School Board. It was alleged that plaintiff failed to require the proper supervision of loading and unloading of buses, failed to enforce proper supervision of study hall, failed to present books and accounts for auditing purposes, failed to have books wrapped as directed, failed to provide and care for school property, failed to keep a duty roster, failed to cooperate in repairing equipment, failed to keep track of library books, textbooks and testing materials, failed to see that textbooks were kept clean and usable, and failed to answer or comply with letter^ of the Superintendent and the supervisors. Plaintiff is also alleged to have failed to properly supervise teachers and other school employees, failed to comply with the policies of lunchroom operations of the State Department of Education, failed in carrying out schedules as submitted to and approved by the State Department of Education. In addition, the Board charged plaintiff with lack of proper supervision of teachers, continually absenting himself from duty during school hours, frequent tardiness in arriving at school, and sleeping while on duty at the school during school hours.
Under the heading of incompetency, the resolution alleged plaintiff had a lack of ability to control the teachers, other school employees and students, a lack of the ability to make correct reports, to write and spell commonly used English words, and generally did not possess the type of leadership and feeling of responsibility necessary to the successful administration of a school.
In the trial on the matter much testimony and documentary evidence was presented, including the entirety of the record of the proceedings in the original hearing, and a criminal record. In his excellent written reasons for judgment, the trial court carefully and meticulously set out all of the relevent facts as to each one of the allegations. Our review of the record convinces us that he has correctly analyzed the evidence, and we agree with the conclusions which he has drawn from the facts. We, therefore, adopt as our own opinion the following portions of the reasons for judgment which were assigned by the trial judge:
“The evidence offered by the defendant, the St. Landry Parish School Board, particularly under the willful neglect of duty and incompetency involved a series of detailed charges and events covering a period of over five years. The testimony of the Superintendent, as well as a number of supervisors of the St. Landry Parish School Board, was to the effect that monthly meetings of principals were called and held to explain the duties and obligations of principals and that the plaintiff had been supplied with various bulletins and manuals outlining the various duties of a principal.
“Under the charge of dishonesty, the plaintiff was charged with making false reports. The pay records of the plaintiff from 1953 through 1961 were offered in evidence. In not one instance did the plaintiff report himself absent from duty, although the evidence shows that the plaintiff was absent from the school when visited by various supervisors on at least seven occasions. In one instance the evidence discloses that the plaintiff and his brother, Carlton Frank, were serving as election officials at a poll in Eunice, Louisiana, and according to the testimony of one of the supervisors the plaintiff and his brother were absent from school on that date; although this is denied and the plaintiff offered evidence that a substitute poll official had taken his place during the school hours, the Court is not satisfied with the veracity of the denial and explanation.
“Without going into detail, because all of the exhibits and evidence are in the record, the plaintiff was undoubtedly guilty of the charge of failing to report absence of teachers from duty.
“In the Court’s opinion, it is the duty of the principal to make reports covering the *65 operations of the school buses, and that it is not sufficient to attempt to place the blame on someone else. Likewise, the charge of using unauthorized persons to substitute has been proven.
“Under the charge of failing to have the buildings and grounds properly cleaned and maintained, the defendant sought to blame the janitor. This is the responsibility of the principal. The testimony of the superintendent of the St. Landry Parish School Board was to the effect that although the plaintiff made verbal complaints about the janitor’s work, he never once, in filling the reemployment form submitted to the principal each year, recommended that the janitor not be reemployed for not performing his duties.
“From the evidence it was shown that there was more damage to the physical facilities at the Phillis Wheatley School than any other school in the parish system, and there was never received one written report from the principal reporting the damages. This condition persisted for several years.
“Under the charge of failing to keep track of books and materials, there was offered in evidence a box of textbooks taken from the school under the plaintiff’s prin-cipalship which were unfit for use, although within the normal expected period of usefulness. In addition, numerous books were unaccounted for. The record is replete with evidence demonstrating that the plaintiff failed to follow instructions of the superintendent and supervisors.
“Without further enumeration, the Court is of the opinion that the action of the St. Landry Parish School Board in dismissing the plaintiff, Joshua G. Frank, from his position, as high school principal and teacher is fully justified.”
The above quotation reflects the essence of our feelings in regard to plaintiff’s allegation that there was a lack of evidence to sustain the Board’s finding, however, we would add the following. It is plaintiff’s primary defense, that if such conditions did exist at his school, many of the problems resulted from the insubordination of the personnel under him. He notes that since he could not terminate their employment, he lacked authority to direct them beyond the point of supervision and recommendation, and for that reason, he should not be held responsible when they did not follow his directions.
The testimony in the record, we feel, renders this defense meritless, in that it reveals that a principal does have sufficient control, and right of supervision over the personnel in the school so that the responsibility for any problems must be deemed his. This fact was admitted by plaintiff himself when he stated in testimony:
“It is the duty of a principal to supervise all personnel around the school and he is the one who has total control of the plant.”
In view of the above admission of responsibility we can see why the trial court found little merit in his defense.
Plaintiff’s second allegation of error concerns the admissibility of a record of a criminal trial entitled “State of Louisiana v. Joshua G. Frank, No. 20738 of the Criminal Docket of the 27th Judicial District Court”, wherein plaintiff was tried, found guilty and sentenced for the embezzlement of $15.00 from the St. Landry Parish School Board. Plaintiff finds error in the lower court’s allowance into evidence of this record in that since the trial was after the hearing it would constitute evidence of a charge other than those included in the original Board resolution, and for that reason, it was not before the trial court or this court as it was not part of the hearing of which he seeks review.
This allegation we feel is without merit, not on the question of its admissibility or inadmissibility under the grounds alleged by plaintiff, but rather because of a pretrial stipulation signed by one of plaintiff’s *66 counsel. Said stipulation we quote from as follows:
“No. 4
“It is further stipulated and agreed by and between counsel for the parties hereto that the note of evidence contained in suit entitled ‘State of Louisiana v. Joshua G. Frank, #20738, Criminal Docket, 27th Judicial District Court, St. Landry Parish, Louisiana,’ will be admitted in evidence as Exhibit ‘B’.
“No. 5
“It is also stipulated by and between counsel that either party hereto may call any and all the witnesses including witnesses who testified at the hearing before the St. Landry Parish School Board and in proceedings entitled ‘State of Louisiana v. Joshua G. Frank, No. 20738’, concerning testimony given in said matters as well as any additional evidence which either party may desire to elicit.”
In as much as the admissibility of the record is stipulated, we can see no error by the trial court in admitting it into evidence. Gulley v. National Life and Accident Insurance Company, 73 So.2d 341 (La.App.2d Cir., 1954).
The last of plaintiff’s allegations of error complains that plaintiff-appellant is a permanent and tenured teacher and that all of the charges filed, and all of the evidence produced to prove those charges, were against him only in his capacity as an administrator and principal of the Phillis Wheatley High School, and therefore, his vested rights in his job as a tenured, permanent teacher remain intact.
This allegation we find to be without merit. Although we note that the resolution charging plaintiff refers to him only in his capacity as principal, the dismissal and the judgment refer to him as both principal and teacher, and for that reason we feel that the resolution also charged him as a teacher as well. The use of the term “principal” in the charging resolution, instead of the words “teacher and principal”, we find to be of no significance. State ex rel. De Barge v. Cameron Parish School Board, 202 So.2d 34 (La.App.3d Cir., 1967).
In summary, two fact-finding tribunals have concluded that plaintiff-appellant was properly dismissed as principal and teacher. This court, in the absence of proof of an abuse of discretion, cannot substitute its opinion for the decision of the school board and of the district court where both of these tribunals were presented with substantial evidence upon which to base their decisions. Verret v. Calcasieu Parish School Board, 201 So.2d 385 (La.App.3d Cir., 1967), and citations therein.
For the reasons assigned, the judgment appealed from is affirmed. Costs to be paid by plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Eanc. Rehearing denied.