NORTHWESTERN NATIONAL CASUALTY COMPANY, Plaintiff-Appellee,

v.

STATE of Colorado, DIVISION OF INSURANCE, Defendant-Appellant.

No. 82CA1178.

Colorado Court of Appeals, Div. III.

Nov. 10, 1983.

Rehearing Denied Dec. 29, 1983.

Certiorari Denied May 29, 1984.

---

Holm & Christensen, P.C., Steven A. Christensen, Jon L. Holm, Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Robert M. Howard, Asst. Attys. Gen., Denver, for defendant-appellant.

STERNBERG, Judge.

The Division of Insurance appeals a district court judgment reversing its order in which it imposed a fine on Northwestern National Casualty Company for violation of the insurance code. We reverse.

The Division initiated an agency action to revoke or suspend the licenses of, or to impose fines against, Northwestern and Patrick Hickey, an insurance agent and broker, following receipt of a complaint from insureds Bob and Gayle Davidson.

The complaint alleged that the insureds had purchased a Northwestern automobile insurance policy in December 1977. Hickey, who was licensed both as an insurance agent and insurance broker, sold them the policy. Northwestern contacted Hickey several times between February and April 1978, directing him to obtain additional information from the insureds regarding their automobiles. Hickey did not inform the insureds about these requests. Because the requested information was not received, Northwestern sent a notice of non-renewal of the policy to the insureds on April 25, effective June 1, 1978.

The insureds then contacted Hickey, who assured them that all necessary information had been supplied and that the policy would remain in effect. The insureds had made all the necessary payments to keep the policy in effect.

In August 1978, the insureds' automobile was involved in an accident which would have been covered if the policy were in effect. They filed a claim under their policy with Northwestern. Northwestern refused to pay, contending that the policy had expired on June 1.

The Division filed charges against Northwestern and Hickey, alleging they had violated provisions of the insurance code. The Division alleged that Hickey, by failing to respond to Northwestern's requests for ad-

ditional information, had acted in bad faith and with a lack of competence and trustworthiness in the business of insurance in violation of § 10–2–212, C.R.S.1973 (1982 Cum.Supp.) and § 10–3–1104, C.R.S.1973, and that his statement to insureds that they should not worry about the policy was a false, deceptive, and misleading representation in violation of § 10–3–1104, C.R.S. 1973.

The Division alleged that Hickey was the agent of Northwestern and thus his actions were imputed to it, and alleged that Northwestern's failure to contact its insureds directly concerning the additional information violated § 10–3–1104(1)(a), and also violated the covenant of good faith and fair dealing implicit in Northwestern's insurance contract with the insureds.

Following a hearing, the commissioner of insurance found that Hickey was at all relevant times the agent of Northwestern, and thus, his conduct, statements, and representations were imputed to it. The commissioner further found that Hickey's conduct, statements, and representations were false, deceptive, and misleading in violation of § 10–2–212(1)(f), (h), and (i), C.R.S.1973 (1982 Cum.Supp.), and that these actions, statements, and representations were imputed to Northwestern, resulting in its violation of § 10–3–1104(1)(a) and (b), C.R.S. 1973. The commissioner also found that Northwestern's non-renewal of the insureds' policy was done in bad faith and was contrary to the provisions of § 10–4–720, C.R.S.1973, and that the action violated § 10–3–1104(1)(a)(I) and (b), C.R.S.1973, and also that Northwestern knew or should have known that it was in violation of § 10–3–1101; et seq., C.R.S.1973, relating to unfair competition and deceptive practices.

Hickey's insurance license was suspended for six months and Northwestern was fined $1,000. Northwestern sought judicial review of the agency decision pursuant to § 24–4–101, et seq., C.R.S.1973. The district court reversed, ruling that Hickey was not Northwestern's agent and that North-

western was not bound by his conduct, statements, and representations.

As the district court noted, the central issue in this proceeding concerns the determination of the relationship between Hickey and Northwestern. The court found that Hickey's relationship was that of an independent contractor and that Hickey was an agent of the insureds, not the insurer. We disagree.

■ Northwestern stipulated certain facts in this matter, one of which was: "Respondent, Patrick L. Hickey, was at all times relevant to this hearing an *insurance agent duly appointed by Northwestern National Casualty Company to represent it and to solicit, sell and service policies* of motor vehicle insurance *on its behalf.*" (emphasis added)

Another was:

"On or about December 1977, respondent, Northwestern National Casualty Company, *through its insurance agent,* Patrick L. Hickey, issued a motor vehicle insurance policy ... to its insureds, Bob F. and Gayle Davidson ...." (emphasis added)

Section 10–2–203(1), C.R.S.1973 (1982 Cum.Supp.) provides:

"Every insurance agent or limited insurance representative who solicits or negotiates an application for insurance of any kind shall be regarded as *representing the insurer and not the insured* or his beneficiary *in any controversy between the insured* or his beneficiary *and the insurer.*" (emphasis added)

Thus, if the characterization of Hickey as "insurance agent" is correct, he must be considered the agent of Northwestern and his acts become imputable to Northwestern.

However, Northwestern argues that § 10–2–202, C.R.S.1973 (1982 Cum.Supp.), distinguishes between "insurance agent" and "insurance broker," and that Hickey is correctly classified as an insurance broker, rather than as an insurance agent.

Section 10–2–202(1) defines an "insurance agent" as:

"a person appointed by an insurer *to solicit applications for a policy of insurance or to negotiate a policy of insurance on its behalf.* A person not acting as a duly licensed insurance broker, surplus lines insurance broker, or limited insurance representative who solicits insurance on behalf of an insurance company shall be an insurance agent for purposes of this part 2 and liable for all the duties, requirements, liabilities, and penalties to which an insurance agent of such company is subject, and such company by compensating such person through any of its officers, agents, or employees for soliciting policies of insurance or annuities shall thereby accept and acknowledge such person as its insurance agent in such transaction." (emphasis added)

Section 10–2–202(2) defines an "insurance broker" as:

"a person who, for compensation, not being a licensed insurance agent for the company in which a policy of insurance is placed, acts or aids in any manner in negotiating contracts of insurance or placing risks or effecting insurance for a party other than himself. A person not licensed as an insurance broker who solicits a policy of insurance on behalf of others or transmits for others an application for a policy of insurance to or from an insurance company or offers or assumes to act in the negotiations of such insurance shall be an insurance broker for the purposes of this part 2 and liable for all the duties, requirements, liabilities, and penalties to which such licensed brokers are subject."

Northwestern ignores, however, its stipulations regarding Hickey. These stipulations, reduced to writing and signed by Northwestern's attorney, were incorporated into the commissioner of insurance's findings of fact and conclusions of law. The stipulation concerning Hickey being an "insurance agent" of Northwestern mirrors the definition of that term in § 10–2–202(1).

Stipulations are a form of judicial admission. 9 *J. Wigmore, Evidence* § 2588 (Chadbourn rev. 1981); *Smith v. Walter E. Heller & Co., Inc.,* 82 Cal.App.3d 259, 147 Cal.Rptr. 1 (1978). Judicial admissions are binding on the party who makes them, *Rosbottom v. Hensley,* 61 Ill.App.2d 198, 209 N.E.2d 655 (1965); 9 *J. Wigmore, Evidence* § 2590 (Chadbourn rev. 1981), are evidence against such party, and may constitute the basis of a verdict. *Gulley v. National Life & Accident Insurance Co.,* 73 So.2d 341 (La.Ct.App.1954).

Moreover, the agency agreement between Hickey and Northwestern supports these stipulations. It provides, in part:

"The Agent shall have authority to accept and bind proposals for contracts of insurance covering such risks and in such amounts as the Company may, from time to time by letter, underwriting guide or other written instructions authorize him to write."

Thus, Hickey, an "insurance agent ... who solicits or negotiates an application for insurance of any kind shall be regarded as representing the insurer and not the insured ... in any controversy between the insured ... and the insurer." Section 10–2–203(1).

Because there was substantial evidence in the record to support the Division of Insurance's finding that Hickey was the agent of Northwestern, the court erred in not affirming the Division's decision. Section 24–4–106(7), C.R.S.1973.

The judgment is reversed and the cause is remanded with directions to reinstate the decision of the Division of Insurance.

TURSI and BABCOCK, JJ., concur.