422 P.2d 400

**BEKINS VAN & STORAGE COMPANY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent Insurance Carrier, Grover Bloxson, Respondent.***

**No. 1 CA–IC 105.**

Court of Appeals of Arizona.

Jan. 13, 1967.

Rehearing Denied Feb. 3, 1967.

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 8527. The Arizona Supreme Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Merchant, Lohse, Donahue & Bloom, by Ashby I. Lohse, Tucson, for petitioner.

Rees, Estes & Browning, by William D. Browning, Tucson, for respondent.

STEVENS, Judge.

This case is before the Court on a writ of certiorari issued on application of the employer to review the lawfulness of the Award and Findings of The Industrial Commission of Arizona issued 27 August 1964.

Petitioner questions the lawfulness of the Award in that it was determined and issued prior to the filing of certain medical records from Tucson Medical Center. Counsel had stipulated claimant Bloxson would file these medical records, and the Refereee had stated that the matter would not be submitted to the Commission for its decision unitl the hospital records were received.

The Commission's response to the petition for writ of certiorari admits that it entered its decision before the stipulated matter was made a part of the Commission's record.

A stipulation is an agreement, admission or concession made in a judicial proceeding by the parties thereto or their attorneys, in respect of some matter incident thereto, for the purpose, ordinarily, of avoiding delay, trouble and expense. 50 Am.Jur. Stipulations § 2. A stipulation concerning a pending cause in court has been held to be an obligation unlike ordinary contracts between parties not in court. Since no consideration is necessary to its validity and no mutuality is required, and it is to be construed like other contracts or written instruments inter-parties. Crunden-Martin Manufacturing Company v. Christy, 22 Ariz. 254, 196 P. 454 (1921).

It is urged that the matters set forth in the hospital records would not have changed the action of the Commission. We have examined the records. We are unable to say that there is an absence of materials contained therein which might reasonably have enabled the employer's attorney to develop further facts beneficial to the employer's position. We are unable to hold that a timely and proper use of the hospital records could not reasonably lead to a different result. In our opinion the failure to observe the stipulation cannot, in this instance, be classified as harmless error.

We hold that there is no valid ground or reason to refuse enforcement of the stipulation entered into by counsel with the approval of the Referee. The stipulation is binding upon us as an appellate court, and upon the Commission.

The Award is set aside.

Other issues were raised and argued in the briefs and in oral argument. Since the Award is set aside for the reasons given, it is not appropriate or necessary that we discuss them at this time.

CAMERON, C. J., and DONOFRIO, J., concur.