Sam **BIALAC** et al., **Plaintiffs-Appellants,** and Rental Development Corporation of America, an Arizona corporation, Additional Party Planitiff-Appellant,

v.

**HARSH BUILDING CO.,** an Oregon corporation, et al., **Defendants-Appellees.**

No. 71–2543.

United States Court of Appeals, Ninth Circuit.

June 28, 1972.

Rehearing Denied Sept. 12, 1972.

John P. Frank (argued), Gerald K. Smith, R. A. Hillhouse, of Lewis & Roca, John J. Flynn, of Flynn, Kimerer, Thinnes & Galbraith, Phoenix, Ariz., for appellants.

Newman Porter (argued), G. Starr Rounds, F. Pendleton Gaines, III, of Evans, Kitchell & Jenckes, Snell & Wilmer, Phoenix, Ariz., Hutchinson, Schwab & Burdick, Portland, Or., for appellees.

Before CHAMBERS and WRIGHT, Circuit Judges, and PREGERSON,* District Judge.

PER CURIAM:

The judgment is reversed. We conclude that we must find there was a lack of diversity of citizenship. Of course, it is tragic when we come up with such a result after the case has gone through a long trial.

Here, the parties stipulated at the outset that one of the defendants, Harsh Building Corporation, has its principal place of business in Oregon. Later the evidence showed that really the only business activity of Harsh Building Corporation is owning and operating the Phoenix apartment complex which is the subject of this suit. Two of the plaintiffs are citizens of Arizona. Thus, we find at least one citizen of Arizona on each side of the case.

An objection to jurisdiction based on lack of complete diversity between the parties in a lawsuit is never waived, nor is it lost by stipulation. Cf. Resnik v. La Paz Guest Ranch, 289 F.

2d 814 (9th Cir. 1961). Where a corporation is engaged in only one business activity, substantially all of whose operations occur in one state, even though policy and administrative decisions are made elsewhere, the state of operations is the corporation's principal place of business. Lurie Co. v. Loew's San Francisco Hotel Corp., 315 F.Supp. 405 (N. D.Cal.1970).

In equity there is not much to be said for sustaining the plaintiffs' (appellants') position. But jurisdiction is jurisdiction, so we must remand with directions to send the case back to the state court.

---

* The Honorable Harry Pregerson, United States District Judge for the Central District of California, sitting by designation.