529 P.2d 1185

**HARSH BUILDING COMPANY, an Oregon Corporation, Harsh Investment Corporation, an Oregon Corporation; and Harold J. Schnitzer, Appellants,**

v.

**Sam BIALAC, Jerry Bialac, James T. Bialac, Lee Bialac, Alice Sue Altman and Robert Altman, Appellees.**

No. 1 CA–CIV 2752.

Court of Appeals of Arizona, Division 1,

Department A.

Jan. 7, 1975.

Rehearing Denied Feb. 18, 1975.

Review Denied April 1, 1975.

**592**

Evans, Kitchel & Jenckes, P. C., by Newman R. Porter and F. Pendleton Gaines, III, Phoenix, for appellants.

Lewis & Roca by John P. Frank, Gerald K. Smith and Richard N. Goldsmith, and Flynn, Kimerer, Thinnes & Galbraith by John J. Flynn, Phoenix, for appellees.

## OPINION

STEVENS, Judge.

This appeal is to review the decision of the trial court not to accept two stipulations entered into between the parties while litigating their case in federal court. Harsh Building Company and the other appellants (Harsh Building) were the defendants in an action commenced in the State court on 31 January 1967. On 3 February 1967, the case was removed to the United States District Court for the District of Arizona on the basis of diversity of citizenship. Following six years of federal court proceedings which included a trial and two appeals, the case was remanded to the State court for lack of federal jurisdiction, see Bialac v. Harsh Building Co., 463 F.2d 1185 (9th Cir. 1972). On 31 May 1973, Harsh Building filed an "answer and counterclaim" in the Superior Court of Arizona for Maricopa County. Sam Bialac and the other appellees (Bialacs) made a motion to dismiss several counterclaims of Harsh Building. In a judgment entered 8 April 1974, the trial court dismissed counterclaims A and

B. The trial court made an express finding that there is no just reason for delay and expressly directed the entry of judgment, thereby making this judgment a final, appealable judgment. Rule 54(b), Rules of Civil Procedure, 16 A.R.S.

The detailed recitation of the facts of this dispute is not necessary to our decision and, especially due to the incompleteness of the record before us,[1] we quote appellants' brief for a short statement of facts:

"The parties' disputes center around a large apartment complex and adjacent shopping center located in Phoenix. At one time, the property was owned by a corporation controlled by plaintiffs (referred to hereinafter simply as 'the Bialacs'). This complex litigation arises from the Bialacs' desire and efforts to convert the rental apartments into 'FHA 234' condominium units during the period from 1965 through 1967. Without unnecessary detail, it is sufficient to note that the complicated, intricate series of contractual arrangements between the parties arose from the Bialacs' wish to avoid being taxed on the proceeds of the condominium conversion at ordinary-income rates. The Bialacs sought to achieve favorable capital gains treatment of the sales and proceeds and at the same time preserve the benefits of FHA financing."

The case was pending in the federal court for several years while both parties filed numerous pleadings, motions and engaged in extensive discovery. In May and June, 1971, the litigants participated in a five-week jury trial. Towards the end of their case, the Bialacs made an oral motion to remand the case to the State court based on an incomplete diversity of citizenship alleging that Harsh Building, an Oregon corporation, had its principal place of business in Arizona. The motion to remand was denied. The Court, a few days later, directed verdicts in favor of Harsh Building on seven of eight counts of the Bia-

---

1. The record of proceedings in the federal court has not been transmitted to the Superior Court upon remand.

lacs' complaint. The case was in this posture when the parties entered into and filed a second stipulation entitled "Stipulation for Judgment, Dismissal and Other Disposition of Certain Claims." This stipulation settled the major portion of the case and it settled and disposed of the remaining count of the Bialacs' complaint as well as Harsh Building's counterclaims. This stipulation incorporated by reference a 13 March 1970 stipulation entitled "Stipulation and Order Re Disposition of Certain Claims."

Subsequently, the Ninth Circuit Court of Appeals determined that the federal court lacked jurisdiction and remanded with directions to send the case back to the State court. Once in the Maricopa County Superior Court, Harsh Building sought the enforcement of the two stipulations by incorporating them as counterclaims A and B in their answer. Upon the motion of the Bialacs, the trial court dismissed counterclaims A and B. Harsh Building appealed this decision. The question for review is: As a matter of law, is an agreement to settle claims in litigation rendered invalid because the agreement is evidenced by a stipulation filed in a court later determined to lack jurisdiction?

■ The general rule is that the parties are bound by their stipulations unless relieved therefrom by the court. Higgins v. Guerin, 74 Ariz. 187, 245 P.2d 956 (1952); Guard v. County Of Maricopa, 14 Ariz. App. 187, 481 P.2d 873 (1971). The parties could not direct us to any case directly on point nor did our research reveal any. We must find the general rules and apply them to the present dispute to find a solution.

■ "A stipulation is an agreement, admission or concession made in a judicial proceeding by the parties thereto or their attorneys, in respect to some matter incident thereto, for the purpose, ordinarily, of avoiding delay, trouble and expense." Bekins Van & Storage Company v. The Industrial Commission Of Arizona, 4 Ariz. App. 569, 570, 422 P.2d 400, 401 (1967).

In some cases, it is also a wise trial strategy to enter into a stipulation to save what may be saved when one party seems to be prevailing in the dispute. In construing stipulations, the primary rule is to ascertain and give effect to the intention of the parties and the stipulation must be construed in light of the circumstances surrounding the parties and in view of the result which they were attempting to accomplish. Gear v. City Of Phoenix, 93 Ariz. 260, 379 P.2d 972 (1963).

■ As we have stated, the second stipulation, dated 15 June 1971, incorporated the first stipulation of 13 March 1970. We now quote paragraph seven of the second stipulation which states the reason for, as well as provides an insight of the intent of the parties in entering the stipulation.

"7. This stipulation is prepared and entered into in light of the fact that the Court has directed verdicts against the plaintiffs on all but one of the claims contained in the Fourth Amended Complaint. Plaintiffs reserve, without prejudice of any kind, the right to appeal from the judgment as to each of these claims (except as to the stipulated dismissal of Count Five) and to contest by appropriate means, whether appeal or otherwise, the jurisdiction of this Court."

The above quote, we believe, clearly reflects the Bialacs' reason for agreeing to the stipulation. The District Court directed verdicts against them on all but one of their claims. This is a persuasive and compelling reason for entering a stipulation to make the best of a seemingly hopeless situation. Their reason for wanting to nullify the stipulation is also evident. The Bialacs are back in the State court and are presented with an opportunity to pursue their claims anew. A stipulation is an agreement between the parties and ordinarily, we would not hesitate to enforce a stipulation regardless of whether it was made while the parties were litigating in the federal or state court. The stipulations in question were clearly entered into in view of the posture of the case as it then

existed and it would be inappropriate to hold the parties to these stipulations now, when the parties are back in the position from whence they started.

■ The Bialacs also reserved the right to contest the jurisdiction of the federal court. If this stipulation was to have effect in any other court, it would have been an idle gesture to reserve the right to contest the jurisdiction of the court. It would have made little, if any, difference as to which court would enter a consent judgment based on a set of stipulations that set out in detail the amount of the judgment. For these two reasons, we find that the trial court had adequate cause for refusing to enforce the stipulations and dismissing them in the form of counterclaims A and B.

"[T]he court, in the exercise of its sound discretion, may set aside a stipulation entered into through inadvertence, excusable neglect, fraud, mistake of fact or law, where the facts stipulated have changed or there has been a change in the underlying conditions that could not have been anticipated, or where special circumstances exist. rendering it unjust to enforce the stipulation." Los Angeles City Sch. Dist. v. Landier Management Co., 177 Cal.App.2d 744, 2 Cal.Rptr. 662, 665–666 (1960).

The effect of the motions to dismiss counterclaims A and B was a request by the Bialacs to be relieved of their stipulations in view of the drastic change of the circumstances. By the granting of the motions the Superior Court Judge ruled that under the circumstances the Bialacs should be so relieved. We find no abuse of discretion in this ruling.

Harsh Building asserts that these stipulations are in the nature of a contract and should be enforced as such. They point to the fact that Harsh Building made a cash payment of $13,000 to the Bialacs as consideration under the terms of the stipulation. The Bialacs after the determination of the appeal, attempted to return the $13,000 paid to them but Harsh Building refused to accept it.

■ To find the existence of a contract, we must find that the two parties freely consented to make a contract. It would be hard to argue that the Bialacs, faced with the directed verdicts against them in all but one claim, freely consented to the contract. We believe that the Bialacs' consent to the stipulation was obtained under the duress of the directed verdicts. This is evidenced by paragraph seven of the stipulation where the Bialacs reserved the right to appeal from the judgments and to contest the jurisdiction of the court. We cannot, in good conscience, enforce the stipulation as a contract.

The decision of the trial court to dismiss counterclaims A and B is based upon good cause. It is affirmed.

OGG, P. J., Department A, and DONOFRIO, J., concur.