569 P.2d 274

**Charles W. DRISCOLL, Appellant,**

v.

**Lance A. HARMON and Rosita Harmon, his wife, Appellees.**

**No. 1 CA–CIV 3321.**

Court of Appeals of Arizona, Division 1, Department B.

July 12, 1977.

Rehearing Denied Aug. 22, 1977.

Review Denied Sept. 22, 1977.

**334**

Taylor & Petica, P. C. by Ronald H. Petica, Scottsdale, for appellant.

Jennings, Strouss & Salmon by William T. Birmingham, M. Byron Lewis, Phoenix, for appellees.

## OPINION

EUBANK, Judge.

The issue before us on appeal is whether Charles W. Driscoll, appellant, is precluded from maintaining an action against appellees Harmon in superior court by virtue of 28 U.S.C. § 2679(b).

The case involves an automobile accident at Luke Air Force Base in which appellee Lance Harmon struck appellant while appellant was crossing the street. At the time of the accident appellee Lance Harmon was in the military service so arguably a question under the Federal Tort Claims Act arose. The Act, 28 U.S.C. § 1346(b), as amended by the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e) provides that the remedy for personal injury resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his employment shall be exclusively against the United States.

The action was originally brought in U. S. District Court but was dismissed on stipulation between the appellant and the United States that the appellee Lance Harmon was not acting within the scope of his employment at the time of the accident. Subsequently appellant filed his cause of action in Maricopa County Superior Court. The trial court dismissed the action, holding that there was no genuine issue as to material fact. We disagree.

## I.

 A plaintiff is entitled to bring a negligence action for damages in superior court unless precluded from so doing by statute. Congress has provided that the district court will be the exclusive court of jurisdiction for certain claims. Under 28 U.S.C. § 2679 the United States is substituted for the employee in the district court action with the effect of immunizing the employee from liability on claims arising from vehicular accidents occurring during the course of his employment. In such case the employee is not a party to the district court action and can not be held liable for any judgment rendered. 1A, pt. 1 J. Moore, Federal Practice ¶ 0.164[4.–1] at 335 (2d ed. 1974); *Henderson v. United States*, 429 F.2d 588 (10th Cir. 1970). Section 2679(b), 28 U.S.C. provides that a suit against the United States under the Tort Claims Act, 28 U.S.C. § 1346(b) shall be the exclusive remedy against a federal employee based upon a claim arising out of the employee's operation of a motor vehicle while within the scope of his employment. Thus, the lawsuit is dichotomized. If the defendant was acting within the scope of his employment, the exclusive remedy is a suit in district court against the United States, and not the individual employee. If the defendant was *not* acting within the scope of his employment, then plaintiff may sue the defendant individually in state court, in which case the United States is not a party.

## II.

 A state court is a proper forum for deciding whether the employee was "acting within the scope of employment" at the time of his act, as reference is made to state, rather than federal law for determination of the question. *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed.2d 761 (1955); 6 A.L.R.Fed. 373.

 In the case before us on appeal, the appellant and the United States stipulated to the fact that Lance Harmon was not within the course of his employment as a condition of dismissal of the district court action. A stipulation is an agreement between the parties and ordinarily we would not hesitate to enforce a stipulation regardless of whether it was made while the parties were litigating in federal or state court.

*Harsh Building Co. v. Bialac,* 22 Ariz.App. 591, 529 P.2d 1185 (1975). But here the stipulation was made between appellant (Driscoll-plaintiff) and the United States; Lance Harmon was not a party to the stipulation and not bound thereby. 83 C.J.S. Stipulations § 14; *Cf. Harsh Building Co. v. Bialac, supra.*

### III.

Having decided that the stipulation is of no effect in an action between Driscoll and Harmon, we must then turn to the proposition that no issue of material fact existed and the trial court's granting of a motion for summary judgment was proper. Summary judgment should not be granted if, on examination of entire record, it is determined that there is any genuine issue as to any material fact which, if found to be true by the trier of fact, could affect the final judgment. Rule 56(c), Rules of Civil Procedure, 16 A.R.S. Where summary judgment has been granted by the trial court, the reviewing court must view the evidence in a light most favorable to the losing party and give such party the benefit of all the evidence and all favorable inferences that may be reasonably drawn therefrom. *Geiler v. Arizona Bank,* 24 Ariz.App. 266, 537 P.2d 994 (1975). As the superior court has not addressed itself to the question of "scope of employment" in the absence of the stipulation, this issue must be remanded for further proceedings.

If the facts are found to be that defendant Harmon was within the scope of his employment at time of the alleged accident, the complaint may be properly certified to the district court, and thereby be dismissed. 1A pt. 1 J. Moore, Federal Practice ¶ 0.164[4.–1] at 333 (2d ed. 1974). On the other hand, if defendant Harmon is found to be acting outside the course of employment, the court shall proceed to trial on the issue of actionable negligence. *See* 28 U.S.C. § 2679(d).

The judgment entered in favor of defendants Harmon is reversed and this matter is remanded to the superior court for further proceedings not inconsistent with this decision.

WREN, Acting P. J., and NELSON, J., concur.