716 P.2d 1368

**Douglas L. PERRY and Linda Lee Perry, husband and wife, dba Perry Construction Co., Cross Plaintiffs-Respondents,**

v.

**Gary R. SCHAUMANN and Vicki Lyn Schaumann, husband and wife, Cross Defendants-Appellants.**

No. 15639.

Court of Appeals of Idaho.

March 31, 1986.

Dean J. Miller of Gigray, Miller, Downen & Weston, Caldwell, for cross defendants-appellants.

Lary C. Walker of Walker & Lindquist, Weiser, for cross plaintiffs-respondents.

SWANSTROM, Judge.

This is an appeal by Gary and Vicki Schaumann from a judgment in favor of Douglas L. and Linda Lee Perry (the Perrys), doing business as Perry Construction Company, for money due on an oral contract to remodel the Schaumann house. The sole issue on appeal is whether the trial court erred by failing to allow the Schaumanns credit for a payment they made to a supplier of materials. For reasons explained below, we affirm and remand the case for entry of a modified judgment.

The dispute arises out of an oral agreement between Douglas Perry (Perry) and the Schaumanns. The parties agreed that Perry, as a general contractor, would build an addition to and extensively remodel the Schaumann house on a cost plus ten per-cent basis. It was further agreed that Perry would bill the Schaumanns monthly for the cost of materials and labor incurred on the project. Perry encountered several difficulties during the course of construction, including discovery that the foundation of the existing house was out of square, the walls leaned, and the floors were unlevel. The Schaumann family continued to occupy the home throughout the construction. Due to these difficulties the job went slowly, causing a dispute between the Schaumanns and Perry. Ultimately, the Schaumanns refused to make further payments until the addition to the house was closed in. In response to this ultimatum Perry terminated the job because of his inability to pay further costs of construction. Subsequently, Boise Cascade, a supplier of materials to the project, filed a complaint against the Perrys and the Schaumanns, among others, seeking payment for the costs of materials furnished. The Perrys filed a cross-complaint against the Schaumanns for the amount due under the construction contract.

Before trial, the Schaumanns and Boise Cascade entered into a settlement of the Boise Cascade claim. A stipulation for dismissal was filed in the district court. The stipulation dated July 9, 1982, stated that:

> The Plaintiff [Boise Cascade] acknowledges receipt from Schaumanns of the sum of $6,897.87 in the form of a $5,000.00 negotiable draft, paid in hand, and Schaumann's unconditional authorization to Plaintiff to apply Schaumann's credit account with Plaintiff in the sum of $1,897.87 to the amounts claimed owing by Plaintiff in the above-captioned matter.

Pursuant to the stipulation the court dismissed Boise Cascade's claim against the Schaumanns. Over a year later, Boise Cascade and the Perrys also stipulated for dismissal of Boise Cascade's claim against the Perrys "for the reason that the same has been fully compromised and settled." An order of dismissal was entered.

Subsequently, a court trial was held upon the Perrys' cross-claim. After the court

entered its findings of fact and conclusions of law, the Schaumanns and the Perrys submitted motions to amend the findings. The Schaumanns argued that when the trial court computed the amount due Perry the court erroneously omitted giving the Schaumanns credit for payment of the Boise Cascade bill for materials.

After a hearing the district court denied the Schaumanns' motions, ruling that:

> In particular, there is insufficient evidence to finding [sic] that the Schaumanns paid the remaining sum owed by Perry to Boise Cascade in the amount of $7,477.40. No check or document was entered into evidence in support of such claim. No testimony was elicited that any alleged payment by the Schaumanns to Boise Cascade was credited to the remaining amount owed by Perry to Boise Cascade.

The order makes no mention of the Boise Cascade-Schaumann stipulation and we have no record of the arguments made at the hearing. Therefore, we do not know for what reasons the court failed to give effect to the stipulation.

The court entered judgment in accordance with its findings of fact and conclusions of law. In its findings of fact, the court added together the cost of the materials purchased by Perry on behalf of the Schaumanns, the labor expended on the project and miscellaneous expenses. In accordance with the parties' oral agreement, the court added ten percent, deriving a total of $50,145.58. The court then subtracted from the total the amount Schaumann had paid to Perry, $37,637.40. The Perrys were awarded the difference, the sum of $12,508.18.

The Schaumanns contend that the court included the price of materials purchased from Boise Cascade in computing the total cost of materials without allowing an offsetting credit to the Schaumanns for settlement of the Boise Cascade claim. When Perry terminated work on the Schaumann

home a balance of $7477 remained owing to Boise Cascade for materials, according to the Perrys' own evidence.[1] The Schaumanns argue that this balance was discharged by them as shown by the stipulation and by the evidence. They claim entitlement to an offset of $7477 or in the alternative for an offset of $6897, the amount they actually paid to settle the Boise Cascade claim.

When parties settle and compromise their disputed obligations, the settlement is binding on the parties. *Rasmussen v. Martin*, 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). Stipulations are a form of judicial admission. *Northwestern National Casualty Co. v. State*, 682 P.2d 486 (Colo.App.1983). A judicial admission "obviates the necessity for proof of facts within the ambit of a distinct and unequivocal admission or stipulation so made." *McLean v. City of Spirit Lake*, 91 Idaho 779, 783, 430 P.2d 670, 674 (1967). However, the parties cannot by stipulation affect the rights of a third party not joining in the stipulation. *Arnett v. Throop*, 75 Idaho 331, 272 P.2d 308 (1954). The stipulation stating that the Schaumanns had paid Boise Cascade was made between the Schaumanns and Boise Cascade; the Perrys were not parties to the stipulation and were not bound by it. *See Driscoll v. Harmon*, 116 Ariz. 332, 569 P.2d 274 (Ariz. App.1977).

Here, however, there is no reason why the stipulation cannot be viewed as evidence of the fact that the debt owed to Boise Cascade had been paid. The stipulation is an acknowledgement by the creditor, Boise Cascade, that at least the amount of $6,897.87 has been paid. The acknowledgment of payment is prima facie evidence of that payment. *Sturmville Lumber Company v. Davis*, 416 S.W.2d 49 (Mo.App. 1967). "Once a creditor has applied a payment to an obligation, the debt is reduced." *Johnson Equipment, Inc. v. Nielson*, 108

1. We will accept the court's figure of $7477 although, from our review of the Perrys' exhibits used by the trial court in arriving at this figure, we believe the correct amount was actually $7482.

Idaho 867, 870, 702 P.2d 905, 908 (Ct.App. 1985). The trial court may take judicial notice of its own records in the case before it. *Larson v. State,* 91 Idaho 908, 435 P.2d 248 (1967). The trial court could properly take judicial notice of its own records as evidentiary proof that the Boise Cascade claim had been paid, at least in part. *See State v. Palmlund,* 95 Idaho 150, 504 P.2d 1199 (1972).

Moreover, there was undisputed trial testimony indicating that the Boise Cascade bill had been paid by the Schaumanns. Vicki Schaumann testified:

Q. Then, of course, you subsequently did pay the Boise Cascade bill?

A. Yes.

Perry also testified concerning the Boise Cascade claim:

Q. Now, at the time of this lawsuit and the counterclaim was filed was there also a billing payable to Boise Cascade?

A. There was a billing payable to Boise Cascade.

Q. And who paid that?

A. Gary and Vicki Schaumann a couple years after the house was completed.

Finally, Perry's own accounting summary (Plaintiff's exhibit 1, page 3) states "Schaumann paid Boise Cascade on July 9, 1982." This is the date of the stipulation between Boise Cascade and the Schaumanns. The only "Boise Cascade bill" or "billing payable to Boise Cascade" shown by the evidence was the balance of $7477 owing to Boise Cascade for materials when Perry left the project. This figure is arrived at by deducting the total of payments Perry made to Boise Cascade ($12,401) as shown by Perry's checks (Plaintiff's exhibit 3) from the total amount of materials ($19,883) purchased from Boise Cascade for the project between October 28, 1980 and March 17, 1981 (Plaintiff's exhibit 4). These figures were relied on by the district court in making its calculations and its findings as to the total of materials used in the project up to March 17, 1981, when Perry left the job. We hold that the trial court erred in refusing to give the Schaumanns credit for payment of the $7477

owing to Boise Cascade for materials when Perry terminated his work on the project.

Nor do we think that the Schaumanns' credit should be limited to $6,897.87, the amount the Schaumanns paid to Boise Cascade according to the stipulation. In calculating the total amount earned by Perry from the Schaumanns the judge included the figure of $7477. Since the Schaumanns were the ones who discharged that indebtedness they should receive a credit equal to the debt discharged. Perry has not shown by any evidence that, after the Schaumanns settled with Boise Cascade, Perry owed any money to this supplier for materials used in the Schaumann project.

For the foregoing reasons, we remand the case to the district court with instructions to modify the judgment by reducing the amount thereof by $7477. The trial court's calculation of the ten percent due Perry in addition to the cost of labor and materials is not affected by our opinion. Also, the Perrys are entitled to interest at the judgment rate on the amount of the modified judgment from the date of the original judgment. Costs to appellants, the Schaumanns. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.