**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51169**

| | | |
|---|---|---|
| MEDICAL RECOVERY SERVICES, LLC, an Idaho limited liability company, | ) ) ) | Filed: December 18, 2024 |
| Plaintiff-Appellant, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| MICHAEL BAIRD, | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant. | ) ) ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Franklin County. Hon. Mitchell W. Brown, District Judge.[1]

Judgment reducing award of recovery, vacated; and case remanded.

Smith, Driscoll & Associates, PLLC; Bryan N. Zollinger, Idaho Falls, for appellant.

Michael Baird; Preston, did not participate.

_____

HUSKEY, Judge

Medical Recovery Services, LLC (MRS) appeals from the district court's judgment awarding, but reducing, its amount of recovery. MRS argues the district court erred because it was legally bound to enforce the terms of the stipulated settlement between the parties and failed to do so. The district court abused its discretion in reducing MRS's award of recovery. We vacate the judgment awarding, but reducing, MRS's recovery and remand for proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

MRS filed a complaint alleging that Michael Baird failed to pay for medical services he received from a medical provider. Subsequently, the parties filed a stipulated judgment in the

_____

[1] Contrary to Idaho Appellate Rule 36, the name of the district judge was not included on the cover page of the appellant's brief.

1

district court, in which Baird admitted and stipulated that he was liable to MRS for unpaid medical services. The stipulation outlined the total amount due, $24,456.62, and the complaint broke down the stipulated amount as follows: principal amount owing, $12,250.00; prejudgment interest, $5,936.38; and attorney fees, $6,001.50. The stipulation also indicated that Baird could make monthly payments of $150.00 on the account. Both parties signed the stipulation, although Baird signed electronically. The district court held a hearing on the matter.

During the hearing, the court was presented with an affidavit that indicated Baird had agreed to sign the stipulation electronically. The district court was concerned that Baird did not properly understand the terms of the stipulation. For example, during the hearing the district court explained to Baird that because the applicable interest rate was 7.375 percent, the $150.00 monthly payments would only apply to the interest so Baird would never pay down the principal owing. The district court also explained that if Baird allowed the district court to enter a default judgment, the court would impose only $1,225.00 in attorney fees instead of the $6,001.50 that Baird agreed to pay in the stipulation. The district court then asked Baird whether he wanted the district court to sign the judgment. Baird expressed some confusion about his options, explained that he did not understand how it was set up, could barely afford the $150.00 payment, was disabled, and was trying to get his Social Security disability payments started. Counsel for MRS stated:

> Your Honor, Mr. Baird, my office all the time discounts interest or freezes interest if people ask, or if there's hardships.
> And so that's not the end all be all, Mr. Baird, especially if you're seeking disability. The court is correct, that paying 150 would just be paying interest. But I'm always open to settlement down the road, to discounting all the interest that's accrued, anything like that, based on your circumstance.
> And I hope--you and I haven't spoken, but I hope that my paralegal told you that down the road settlement is possible or stuff like that. So it's not as bleak as-- you know, obviously, if you can pay more, you can. That 150 is a minimum as well. Because the court is correct, at 150 a month that's just covering the interest that's accruing. But I would just tell you, we discount interest all the time. If there's ever an issue, give us a call.

Baird then indicated that he wanted the district court to sign the judgment; the district court indicated it would do so.

A month later, the district court entered a judgment in the amount of $19,679.38. In the court minutes, the district court included a footnote which stated the amount of attorney fees was reduced in accordance with the factors outlined in Idaho Rules of Civil Procedure 54(e)(3) and Sixth District Court Local Rule 8.1 from $6,001.50 to $1,225.00. MRS appealed.

## II.

## STANDARD OF REVIEW

A motion for the enforcement of a settlement agreement is treated as a motion for summary judgment when no evidentiary hearing has been conducted. *Estate of Holland v. Metro. Prop. & Cas. Ins. Co.*, 153 Idaho 94, 100, 279 P.3d 80, 86 (2012). Thus, the "Court freely reviews the entire record that was before the district court to determine whether either side was entitled to judgment as a matter of law and whether inferences drawn by the district court are reasonably supported by the record." *Borley v. Smith*, 149 Idaho 171, 177, 233 P.3d 102 108 (2010).

## III.

## ANALYSIS

MRS argues the district court erred by failing to honor the parties' contract and arbitrarily reducing the agreed upon amount of attorney fees.[2] MRS's position is that because the parties' agreement was unambiguous, the district court was legally bound to enforce the terms of the contract. Baird, who appeared pro se in district court, did not participate in the appeal.

This Court has held:

> When parties settle and compromise their disputed obligations, the settlement is binding on the parties. Stipulations are a form of judicial admission. A judicial admission obviates the necessity for proof of facts within the ambit of a distinct and unequivocal admission or stipulation so made.

*Perry v. Schaumann*, 110 Idaho 596, 598, 716 P.2d 1368, 1370 (Ct. App. 1986) (internal quotations and citations omitted). A settlement agreement stands on the same footing as any other contract and is governed by the same rules and principles as are applicable to contracts generally. *Vanderford Co., Inc. v. Knudson*, 150 Idaho 664, 672, 249 P.3d 857, 865 (2011). All contracts "must be complete, definite and certain in all [their] material terms, or contain provisions which are capable in themselves of being reduced to certainty." *Seward v. Musick Auction, LLC*, 164 Idaho 149, 158-59, 426 P.3d 1249, 1258-59 (2018) (quoting *Unifund CCR, LLC v. Lowe*, 159 Idaho 750, 753, 367 P.3d 145, 148 (2016)).

In this case, the district court clarified the relevant terms of the stipulation with MRS and Baird, and Baird agreed with both the amount of the stipulated judgment and that the district court

---

[2] Counsel for MRS is reminded that, pursuant to I.A.R. 35(e), references to the transcript and the record should be included in the body of the brief "and shall not be included as footnotes or endnotes."

could enter the judgment. When the district court stated that it would sign the judgment, the court agreed to enter judgment in the amount of $24,456.62, and the parties were entitled to rely on that representation. A month later, however, the district court reduced the amount of attorney fees the parties agreed to and awarded judgment in the amount of $19,679.38. The court minutes for the hearing read, in part: "[T]he Court indicated that it would sign the Stipulated Judgment." To that sentence, the district court added a footnote, which reads:

> Following the hearing in this matter, the Court has determined, in accordance with I.R.C.P. 54(e)(3) and Sixth District Court Local Rule 8.1, that it will enter judgment consistent with said local rule. Further, the Court concludes that such an award is consistent with the factors outlined in I.R.C.P. 54(e)(3). Should the parties wish to abide by their separate agreement on attorney fees that will be [a] decision that they make independent of this Court's judgment.

The district court erred in arbitrarily reducing the amount of attorney fees after the parties stipulated to the amount of the judgment and the district court indicated it would sign the judgment. The stipulation between the parties is unambiguous and binding upon them. It appears the district court, upon reflection, believed that applicable rules precluded the court from entering judgment which included attorney fees that the court believed exceeded those allowable under the circumstances. The district court erred in this regard. In doing so, the district court relied upon I.R.C.P. 54(e)(3); however, that rule is not applicable in this case. Idaho Rule of Civil Procedure 54(e)(3) requires the district court to consider certain factors in determining whether an award of attorney fees is reasonable. *Lettunich v. Lettunich*, 145 Idaho 746, 749-50, 185 P.3d 258, 261-62 (2008). In this case, there was no need for the district court to determine an amount of reasonable attorney fees because the parties stipulated to an amount. That stipulation was confirmed on the record, and the district court agreed to sign the stipulated judgment for that amount. While the district court's concern regarding the amount of attorney fees is evident from the record, because Baird agreed to pay that amount in attorney fees, the district court had no role in determining the attorney fee award. *Cf. Tricore Investments, LLC v. Estate of Warren*, 168 Idaho 596, 626-27, 485 P.3d 92, 122-23 (2021) (affirming award of attorney fees authorized by contract and I.C. § 12-120(3)).

The district court also cited Sixth District Court Local Rule 8.1. As above, the application of the local rule is not applicable in the instance where the parties have stipulated to an amount of attorney fees. But even if the local rules were applicable, the district court nonetheless erred. First, the local rules were amended the day before the judgment was entered in this case. Thus, Local

Rule 8.1 is no longer the rule that deals with attorney fees on default judgments. The current rule that deals with such fees is Sixth District Court Local Rule 6.1, which addresses the imposition of attorney fees in the entry of a default judgment. The rule is entitled "Attorney Fees Guidelines on Default Judgments," and states, in relevant part: "In [civil] claims exceeding $10,000.00 attorney fees will be granted in an amount not to exceed 10% of the principal at filing." Here, because there was no default judgment, Sixth District Court Local Rule 6.1 is inapplicable.

MRS does not seek attorney fees and costs on appeal; Baird did not file a brief. Consequently, we will not award attorney fees or costs to either party.

## IV.

## CONCLUSION

The district court erred by reducing the stipulated amount of attorney fees. Thus, the judgment reducing MRS's award of recovery is vacated, and the case is remanded for proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

5