109 P.3d 1111

Raymond REDING and Arlene Reding, individually, and as husband and wife, Plaintiffs–Appellants–Cross Respondents,

v.

Cathy REDING, individually, and in her capacity as Personal Representative of the Estate of Lynn Joseph Reding, Defendant–Respondent–Cross Appellant,

and

Jerry Reding, and John Reding, individually, and each in their capacities as partners in Reding Farms, an Idaho general partnership, Defendants.

Raymond Reding and Arlene Reding, individually, and as husband and wife, Plaintiffs,

v.

Cathy Reding, individually, and in her capacity as Personal Representative of the Estate of Lynn Joseph Reding, Defendant–Respondent–Cross Appellant,

and

Jerry Reding, and John Reding, individually, and each in their capacities as partners in Reding Farms, an Idaho general partnership, Defendants–Appellants Cross Respondents.

Nos. 30191, 30205.

Supreme Court of Idaho, Boise, February 2005 Term.

March 28, 2005.

Mark L. Clark, and Schiller & Schiller, Chtd., Nampa, for appellants. Mark L. Clark and Edwin G. Schiller argued.

Anderson, Julian & Hull, LLP, Boise, and Arkoosh Law Office, Chtd., Gooding, for respondent. Kenneth D. Nyman argued.

TROUT, Justice.

This appeal arises from two separate consolidated actions related to the winding up of Reding Farms, a farming partnership between three brothers. The first case requested an accounting for partnership profits, while the second case, filed by the parents of the three brothers, sought to obtain a judgment for loans made to the partnership over a period of years. After a court trial, the district court dismissed the collection action in part and determined the value of the partnership at the time of dissolution. We affirm the decisions of the trial court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1975, Raymond Reding and his three sons, Jerry, Lynn, and John, formed a family farming partnership known as Reding Farms. The farming operation consisted of about 600 acres, 300 of which Raymond owned and 300 of which was rented from third parties. During the 1980's, Raymond gave 40 acres to each of his sons from the 300 acres he owned, leaving his ownership at 180 acres and his sons at 120 acres. Raymond retired in 1991, transferring his interest in the partnership to his three sons, but retaining ownership of his 180 acres. His three sons continued to operate Reding Farms as a partnership. After Raymond retired from the partnership in 1991, he and his wife, Arlene, made five "loans" to the partnership between March 1992 and February 1996, totaling $105,000.[1] On June 26, 1996, Lynn Reding died.

---

1. These consisted of checks written on Raymond's personal bank account to Reding Farms with a notation "loan" on the memo line of the check. No issue was raised at trial about the validity or terms of these loans, beyond the effect of the statute of limitations, and we express no opinion.

Although the partnership between Lynn, John, and Jerry was dissolved as a matter of law upon Lynn's death, John and Jerry continued to operate Reding Farms as a partnership between themselves. In November 1996, John and Jerry provided an accounting to Cathy Reding, the surviving spouse and personal representative of Lynn's estate, indicating the partnership had a negative value of $163,005 at the time of Lynn's death. On November 8, 1998, Cathy filed an action against the surviving partners of the Reding Farms general partnership contesting this accounting. On August 3, 2000, Raymond and Arlene filed an action against the individual partners, John and Jerry, and against Cathy, individually and in her capacity as Lynn's personal representative, seeking a judgment for the $105,000 loaned to the partnership over the years. Pursuant to stipulation of the parties, the two cases were consolidated into a single action.

Cathy then brought a motion for partial summary judgment, seeking to have the action by Raymond and Arlene dismissed on the basis that these loans were barred by Idaho Code § 5–216, the statute of limitations on written instruments. At the time the motion was made, the parties, through their attorneys, agreed to a statement of stipulated facts in which they stated that each of the five loans made to Reding Farms by Raymond and Arlene, were loans to the partnership and that none of those loans had ever been repaid. While the district court denied partial summary judgment on the statute of limitations issue because Cathy had not properly raised it, the court then granted Cathy leave to amend her answer to assert, individually and on behalf of the estate, that these loans were barred.

Trial of the consolidated case was held on June 2, 2003. Subsequent to trial but before a decision was rendered, Jerry and John stipulated to entry of a judgment against themselves individually, and as partners in Reding Farms, in favor of Raymond and Arlene for principal and interest due on the five loans in the amount $204,416.30.

The district court entered its Findings of Fact and Conclusions of Law determining that in Raymond and Arlene's collection ac-

tion, only a single loan in the amount of $20,000 made on February 26, 1996 was not barred by the five-year statute of limitations. Moreover, the district judge indicated he simply did not find John and Jerry's testimony or accounting methods to be credible and, therefore, concluded these loans had either been repaid in full or were never intended to be paid. For that reason, he concluded Raymond and Arlene had no right to collect any money from Cathy or the estate.

The district court then fixed the value of the partnership at the time of Lynn's death at $72,380, specifically excluding any sums due Raymond and Arlene. The court determined that Cathy was entitled to a judgment against Jerry and John, individually and in their capacities as partners in Reding Farms, in the amount of $26,380, or one-third of the value of the partnership at the time of Lynn's death.

Raymond and Arlene timely appealed the judgment denying recovery on their loans as against Cathy, and Jerry and John appealed the judgment of $26,380 in Cathy's accounting action, both of which were then consolidated into a single appeal.

## II.

### STANDARD OF REVIEW

■ A trial judge's findings of fact in a court-tried case will be liberally construed on appeal in favor of the judgment entered, in view of the trial judge's role as trier of fact. *Conley v. Whittlesey,* 133 Idaho 265, 269, 985 P.2d 1127, 1131 (1999); *Lindgren v. Martin,* 130 Idaho 854, 857, 949 P.2d 1061, 1064 (1997). An appellate court may set aside a trial court's findings of fact only if they are clearly erroneous. I.R.C.P. 52(a); *McCray v. Rosenkrance,* 135 Idaho 509, 513, 20 P.3d 693, 697 (2001). Review of the trial judge's decision is limited to ascertaining whether the evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *Conley,* 133 Idaho at 269, 985 P.2d at 1131. If the findings of fact are based on substantial evidence, even if the evidence is conflicting, they will not be overturned on appeal. *Id.* Evidence is substantial if a reasonable trier of fact would accept

and rely upon it in determining whether a disputed point of fact has been proven. *Weaver v. Millard,* 120 Idaho 692, 698, 819 P.2d 110, 116 (Ct.App.1991). The appellate courts also give due regard to the trial judge's special opportunity to judge the credibility of the witnesses. I.R.C.P. 52(a); *Marshall v. Blair,* 130 Idaho 675, 679, 946 P.2d 975, 979 (1997). This Court exercises free review over questions of law. *Conley,* 133 Idaho at 269, 985 P.2d at 1131.

### III.

### ANALYSIS

Most of the issues in this case are closely connected to the $105,000 in loans made to Reding Farms by Raymond and Arlene. Whether or not those loans have been repaid or are still enforceable affects both Cathy's accounting action against the partnership and the liability of the estate of Lynn Reding for his proportional share of the partnership debt.

### A. The Effect of the Stipulation

 As part of Raymond and Arlene's collection action, the attorneys for the parties signed a statement of stipulated facts, which was drafted by Raymond and Arlene's attorney. It was then filed with the court in response to the claim in Cathy's motion for partial summary judgment that the action was barred by the statute of limitations. The stipulation lists each of the five loans totaling $105,000 and states that none of the loans have been repaid. The Appellants argue this stipulation should have had the effect of establishing the continuing existence and validity of the loans at trial and should have constituted a written acknowledgment of a debt by the parties under I.C. § 5–238.

While the stipulation itself was silent as to the reason it was created, it should be noted that Cathy argued in her Memorandum in Support of Partial Summary Judgment that the stipulation was entered only for the limited purpose of determining the statute of limitations issue. Finding that the stipulation was entered in that context, the district court determined that Cathy was not bound by those statements at trial.

 Generally, stipulations of parties or counsel made in pending proceedings are conclusive as to all matters properly contained or included therein. *See Workman Family Partnership v. City of Twin Falls,* 104 Idaho 32, 35, 655 P.2d 926, 929 (1982). Stipulations are a form of judicial admission that obviates the necessity for proof of facts that are admitted in the stipulation. *Perry v. Schaumann,* 110 Idaho 596, 598, 716 P.2d 1368, 1370 (Ct.App.1986). However, since the stipulation itself is silent as to whether it applies unconditionally, and since Cathy's attorney made clear in his briefing on summary judgment that he entered into that stipulation solely for the purposes of summary judgment, the trial court was entitled to conclude that the stipulated facts were for the limited purposes of resolving the statute of limitations issue.

 Moreover, a trial court, under certain circumstances, may relieve a party from stipulations into which the party has entered. *Workman Family Partnership,* 104 Idaho at 35, 655 P.2d at 929. Since there is clearly disagreement as to what the effect of the stipulation should be, there was no error in relieving Cathy from the provisions at trial.

Finally, contrary to the Appellants' assertion, the stipulation does not qualify as an acknowledgment of a debt under I.C. § 5–238, which would have the effect of precluding a statute of limitations defense. As discussed above, the stipulation was effective only for the purposes of the summary judgment motion and was not intended for any other purpose. Thus I.C. § 5–238 is not applicable.

### B. Raymond and Arlene Collection Claim Against Cathy and the Estate

In her amended answer, Cathy raised a statute of limitations defense to Raymond and Arlene's collection action under Idaho Code § 5–216, which provides for a five-year limitation on an action to collect on a written contract or obligation. The applicable loans at issue were made to the partnership on March 5, 1992; February 24, 1993; February 16, 1994; February 15, 1995; and February 26, 1996. As to the action against Cathy, the

claims were evaluated as of the date Raymond and Arlene filed suit on August 3, 2000. This is also important as it relates to the partnership accounting and whether the partnership must consider these obligations in calculating the partnerships value at dissolution.

The trial court found that, except for Raymond and Arlene's $20,000 loan to Reding Farms on February 26, 1996, the loans to the partnership were all subject to the five-year statute of limitations for written contracts. The district court did not err in determining that the statute of limitations bars collection of the loans against Cathy and the estate, with the exception of the 1996 one. The 1996 loan would have been valid as a debt against her as personal representative, but for the trial court's ultimate conclusion in the accounting portion of the action that it was not a viable obligation owed to Raymond and Arlene, an issue discussed below. Since the collection action and the accounting action were consolidated for trial, the district court could properly consider evidence relating to the validity of the debt as a partnership obligation in determining whether Cathy should have any personal responsibility for it. Thus, for the reasons explained below, the court did not err in deciding that Cathy, individually and representing Lynns estate, does not owe Raymond and Arlene any amount on these loans.

## C. Cathy's Accounting Action Against the Reding Farms Partnership

### (1) Raymond and Arlene loans

 Although Cathy successfully asserted a statute of limitations defense to preclude the majority of the debt in Raymond and Arlene's collection action against her and Lynn's estate, the statute of limitations was not a bar at the time of Lynns death, when the partnership value was to be determined for accounting purposes. Therefore, if the trial court had found the loans were a valid partnership obligation, they would have been includable as liabilities, reducing Lynn's interest in the partnership. Instead, the court found the loans had either been repaid or were never meant to be repaid.

Although the loans were made on an annual basis and appeared to be operating loans, the Reding Farms partnership never listed the loans as existing debts in any financial statement or tax return. The loans were likewise not listed in the unaudited financial statement prepared by the partnership's accountant in November 1996, in response to Cathy's initial request for a partnership accounting. In fact, the loan obligation was never disclosed by the partnership until 1998, long after Cathy had filed suit in her accounting action. It was not until two years later that Raymond and Arlene brought their collection action.

The district judge also noted that the amounts paid to Raymond by the partnership for pasture rental exceeded what the partnership was paying for other farm ground and likely represented repayment to Raymond of the advances he had made toward farm operations. While the evidence was clearly contradictory, the record supports the inference that the loans were repaid. The trial court was also justified in concluding that either the partnership had done some type of creative bookkeeping and repaid Raymond, or that there never was an obligation or intent that Raymond be repaid. While the two conclusions may seem inconsistent— that the debt had been repaid or there was no obligation to do so—it is consistent with the court's ultimate conclusion that he simply did not believe the Reding brothers. The district court determined that John and Jerry were not credible, and such a determination is left strictly to the trial court. After noting that partnership tax returns and financial statements were confusing and unhelpful in determining the legitimacy or existence of these loans as unpaid obligations, the district court did not err in concluding that the loans were either repaid or there was no obligation to do so. The partners have a responsibility to present accurately the assets and debts of the partnership for the purposes of valuation upon dissolution. John and Jerry simply did not do so and there was no error in the district court's conclusion that the loans from Raymond and Arlene should not be included in the accounting.

## (2) Valuation of crops on hand

The second issue John and Jerry raise in challenging the partnership accounting is the trial court's inclusion of $46,000 for crops on hand as a partnership asset. When John and Jerry originally provided their accounting to Cathy of her late husband's partnership interest, they placed fully depreciated values on the few items they were willing to concede the partnership owned, placed no value on the 1996 growing crop, and failed to account for the existence of any other assets.

The $46,000 for crops on hand is based on an entry in a financial statement which was given to the bank in April 1996, shortly before Lynn's death, for the purposes of obtaining financing for the on-going partnership enterprise. John signed the financial statement, acknowledging that he had read it carefully, that it was a full and correct statement of their financial condition and that he agreed to be bound by it. While John and Jerry now attempt to disavow the existence of the asset and claim they have no idea why the item was included in the statement, it clearly does appear on the front page of the financial statement, together with a reference to "Schedule B." On Schedule B, entitled "crops on hand to be sold", the same amount of $46,000 is listed along with the further description that it is alfalfa seed to be sold in October at $1/unit. This constitutes substantial and competent evidence supporting the district court's conclusion that this was an asset in existence at the time of Lynn's death and should be included in the accounting.

## (3) Valuation of 1996 crops

As to the valuation of the crops in the ground as of the time of Lynn's death in 1996, the 1996 financial statement estimated the value of growing crops for 1996 at $374,840, with a cash investment in the crop listed as $80,000. Evidence presented at trial indicated there were operating loans in the total amount of $164,000 incurred for the 1996 crop year. The district court held that because the projected future value of the crops was unknown at the time of dissolution, the "minimum value" of the growing crops at the time of Lynn's death, represented by the operating loans, was a fair valuation for those 1996 crops. Although this is a conservative method of valuation, which obviously would not include any profits, Cathy does not object to it and it is reasonable under these circumstances. Therefore, we find no error in the court's determination.

## D. Attorneys Fees

Raymond and Arlene request attorney fees on appeal pursuant to I.C. § 12–120(3), as it relates to the collection action against Cathy. Raymond and Arlene are not the prevailing party on appeal and, therefore, are not entitled to an award of fees. Cathy also requests attorney fees pursuant to I.C. § 12–121, contending that this appeal was taken frivolously, unreasonably and without foundation. We find there were legitimate issues raised with respect to the collection action and the accounting action and decline to award fees on appeal.

## IV.

## CONCLUSION

The district court was correct in determining that the stipulation of the parties was entered for the limited purpose of determining the statute of limitations issue and, therefore, had no binding effect at trial. The district court also did not err in determining that the statute of limitations barred Raymond and Arlene's collection action against Cathy as to all but $20,000 in loans. Substantial evidence supports the district court's determination of the value of partnership assets and liabilities and award to Cathy of the $26,380 judgment against John and Jerry Reding, as partners in Reding Farms. The decision is affirmed and we award costs on appeal to Cathy.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.