# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 51118

| | | |
|---|---|---|
| JOEL WARD, | ) | |
| | ) | |
| Plaintiff-Counterdefendant- | ) | |
| Respondent-Cross Appellant, | ) | **Boise, September 2025 Term** |
| v. | ) | |
| | ) | **Opinion Filed: December 31, 2025** |
| BISHOP CONSTRUCTION, LLC, an | ) | |
| Idaho limited liability company; and | ) | **Melanie Gagnepain, Clerk** |
| REN BISHOP, an individual, | ) | |
| | ) | |
| Defendants-Counterclaimants- | ) | |
| Appellants-Cross Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Dane H. Watkins, Jr., District Judge.

The judgment of the district court is <u>vacated and the case remanded to reinstate original findings of fact and conclusions of law and amended judgment</u>.

McConnell Wagner Sykes & Stacey PLLC, Boise, for Appellants-Cross Respondents. Chad M. Nicholson submitted argument on the briefs.

Holden Kidwell Hahn & Crapo, PLLC, Idaho Falls, for Respondent-Cross Appellant. Nathaniel H. Wadsworth submitted argument on the briefs.

---

BEVAN, Chief Justice.

This appeal concerns a breach of contract action that implicates the Idaho Contractor Registration Act (ICRA), Idaho Code sections 54-5201 to 54-5219. Joel Ward sued Bishop Construction, LLC, and its sole member, Ren Bishop (Bishop), for breach of contract and unjust enrichment after Bishop failed to pay Ward for services Bishop hired him to perform on projects located in Idaho, Montana, and Wyoming. Following a bench trial, the district court found in Ward's favor on the breach of contract claim and awarded damages in the claimed amount of $12,443.54. Because Ward received full recovery on his breach of contract claim, the court held that Ward could not recover on his equitable claim for unjust enrichment.

After Ward filed a memorandum of attorney fees and costs, Bishop filed a motion to disallow fees and costs asserting, for the first time in the litigation, that the contract was illegal because Ward was not registered as a contractor as required by ICRA. After argument on the motion, the district court concluded the parties' contract was illegal as to work Ward performed in Idaho because he was not registered under ICRA. The court then modified its earlier damages award, awarding $9,180.97 in contract damages for work Ward performed out-of-state, but denying recovery for contract work performed in Idaho. Even so, the court awarded Ward $3,283.93 in unjust enrichment damages for work performed in Idaho. It also awarded Ward over $32,000 in attorney fees and costs as a matter of right.

On appeal, Bishop argues the district court erred by: (1) holding that the parties' contract was legal with respect to work performed out-of-state, (2) awarding Ward damages under unjust enrichment, and (3) awarding Ward costs and attorney fees. Ward cross-appeals and argues the district court erred by finding that he was required to register as a contractor under ICRA.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Joel Ward and Ren Bishop are cousins and grew up together in Idaho Falls. Bishop is the sole member of Bishop Construction, LLC. Ward began working for Bishop when he was a "kid" in the 1990s. Ward joined the Marine Corps at the age of twenty-four in 2004. Following his military service, Ward continued working for Bishop. Ward was under the impression that he worked for Ren Bishop and not Bishop Construction, LLC. To Ward, there was no distinction between Bishop the person and Bishop the business entity.

Ward performed general construction work on Bishop's projects while he was in school. Some of this work included general building, plumbing, electrical, framing, roofing, and siding work. Bishop agreed to pay Ward $10 per hour, which was later raised to $12 per hour, and for one way travel to the job sites, which included locations in Montana and Wyoming. Ward kept a daily record of his hours. Ward received payment in 2018 for work he had done in 2015 through 2016. From 2017 to 2019, Ward worked 666 hours and 42 minutes at $10 per hour and 480 hours and 32 minutes at $12 per hour. For years, Ward tried to obtain payment from Bishop, but Ward was never paid. Approximately one year after Ward first asked for payment, he provided Bishop with a calculation of what he was allegedly owed. Counsel for Ward sent Bishop a final demand letter. After Bishop failed to pay, Ward instituted the present suit.

2

Ward filed a complaint in district court alleging violations of the federal Fair Labor Standards Act (FLSA) and a claim for wages pursuant to Idaho Code section 45-609. Bishop answered by denying that Ward was an employee, and counterclaimed that Ward was an independent contractor and filed a false wage claim under Idaho Code section 45-612(2). Ward denied that he was an independent contractor. Ward moved to amend his complaint and add claims for breach of contract and unjust enrichment. Bishop moved for summary judgment and sought to dismiss the FLSA and wage claim. The district court granted Ward's motion to amend and granted in part and denied in part Bishop's motion for summary judgment. The court dismissed the wage counts as they related to state law but declined to dismiss the claims under the FLSA. The remaining claims included a violation of the FLSA, 29 U.S.C. §§ 206 and 207, breach of contract, and unjust enrichment.

The case proceeded to a one-day bench trial in which Ward was the only witness to testify. Before testifying in the trial, Ward's counsel offered to stipulate that Ward was an independent contractor for purposes of the trial. The following colloquy occurred between the district court and counsel for the parties:

> [COUNSEL FOR WARD]: One thing that may simplify things today, we would be willing to stipulate to the fact that my client was an independent contractor and not an employee. That would eliminate our wage claims, Counts, I think, I and III or I, II, and III; just leave the breach of contract and unjust enrichment claim[s], if the defendants would make that stipulation.

> [COUNSEL FOR BISHOP]: First of all, we appreciate [Ward's counsel's] thoughts on that. That's always been our contention, Your Honor, so we're obviously -- we are going to stipulate to that.

The district court accepted the stipulation, noting "that's a good way to proceed along." Thus, Ward's wage claims were dismissed—leaving only the breach of contract and unjust enrichment claims for trial. Ward testified that he worked "for" Bishop during his teen years in the 1990s and again after his service in the military. Ward kept track of the hours he worked— testifying that he was paid for his work for the years 2015 and 2016; however, he was never paid for the years 2017 to 2019. He thus brought this action to be paid for the hours he worked, initially at $10 per hour, and later at an increased rate of $12 per hour, due to Ward's "being more ambitious and keeping things going . . . ."

After the bench trial, the district court issued its findings of fact and conclusions of law. The district court found Ward to be a credible witness and that Ward's record of hours worked was

reliable. The district court rejected Bishop's counterclaim of filing a false wage claim in violation of Idaho Code section 45-612(2) because there was no indication that Ward knew he was an independent contractor when he filed his initial complaint. It next ruled that Ward proved his breach of contract claim even though the parties' agreement did not specify when Ward was to be paid. The court found thirty days after work was completed to be a reasonable time for payment. Because Bishop failed to pay, the court determined he was in breach and liable to Ward for the full amount claimed. The court also determined that Bishop's affirmative defenses of judicial estoppel, unclean hands, and waiver did not bar Ward's claim. The court declined to award damages for Ward's unjust enrichment claim because it concluded Ward was entitled to full recovery, or $12,443.54, based on the breach of contract damages.

Ward then moved for costs and attorney fees, which Bishop opposed, asserting for the first time that the contract was illegal. At the hearing on the motion to disallow, Bishop argued the contract was illegal because Ward was not registered as a contractor as required by ICRA. *See* I.C. §§ 54-5201, -5204(1). ICRA defines a "contractor" as "[a]ny person who in any capacity undertakes, offers to undertake, purports to have the capacity to undertake, or submits a bid to, or does himself or by or through others, perform construction . . . ." I.C. § 54-5203(3)(a). Generally, ICRA makes it unlawful to engage in the business of, or hold oneself out as, a contractor without being registered, subject to a few exemptions. I.C. §§ 54-5204(1), -5205 (exemptions). ICRA also requires contractors to verify the registration status of another contractor before engaging in business with them. I.C. § 54-5204(2). ICRA imposes two penalties on contractors who fail to register. First, any person acting as a contractor without a current registration is guilty of a misdemeanor. I.C. § 54-5217(1). Second, ICRA also prohibits unregistered contractors from "bring[ing] or maintain[ing] any action in any court of this state for the collection of compensation for the performance of any act or contract for which registration is required . . . ." I.C. § 54-5217(2). Bishop argued that Ward was an unregistered contractor and subject to the penalty set forth in section 54-5217(2).

The district court issued a memorandum decision and order on Ward's motion for attorney fees that included amended findings of fact and conclusions of law in light of Bishop's illegal contract argument. The court determined that ICRA applied to Ward because "Ward does not dispute that he was a contractor, as defined under [s]ection 54-5203(3)(a)" of the Idaho Code. Thus, the court found that Ward was required to register as a contractor under ICRA's statutory

provisions. As such, the district court found the contract to be illegal as to work done within the state of Idaho and that Ward could not recover for in-state work. The court amended its previous findings of fact and conclusions of law and awarded Ward $9,180.97 in damages for breach of contract as to only the work performed out-of-state. However, the court determined that Bishop should not benefit from his own wrongdoing. It noted that Bishop failed to provide Ward with either a W-2 or a 1099, which created confusion around Ward's status as an employee or independent contractor. It also considered Bishop's own failure to ascertain whether Ward was registered in compliance with ICRA. Therefore, the court awarded Ward damages under his unjust enrichment claim, measured by the benefit Ward conferred on Bishop. The court declined to award Ward attorney fees, but it did grant him costs as a matter of right.

Ward asked the court to reconsider its denial of attorney fees on the ground that he should be entitled to apportion his request for fees between claims. The court apparently granted Ward's motion and awarded Ward $32,460.06 in attorney fees, although that order does not appear in the record. Bishop then appealed. Ward filed a cross-appeal challenging the district court's ruling that he was required to register as a contractor under ICRA.

## II. ISSUES ON APPEAL

1. Whether the district court erred in holding that Ward was required to register as a contractor under ICRA.

2. Whether any party is entitled to attorney fees on appeal.

## III. STANDARDS OF REVIEW

The review of a trial court's decision after a court trial is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law. This Court will affirm a trial court's findings of fact unless those findings are clearly erroneous. Findings of fact that are supported by substantial and competent evidence are not clearly erroneous—even in the face of conflicting evidence in the record. Substantial and competent evidence is relevant evidence which a reasonable mind might accept to support a conclusion. Finally, because of the trial court's special role to weigh conflicting evidence and judge the credibility of witnesses, this Court will liberally construe the trial court's findings of fact in favor of the judgment entered.

*Alsco, Inc. v. Fatty's Bar, LLC*, 166 Idaho 516, 523–24, 461 P.3d 798, 805–06 (2020) (citation modified) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

"Whether a contract is illegal is a question of law for the court to determine from all the facts and circumstances of each case." *Farrell v. Whiteman*, 146 Idaho 604, 608, 200 P.3d 1153, 1157 (2009); *see also* 5 *Williston on Contracts* § 12:1 (4th ed. database updated May 2025)

5

("Whether a contract is illegal or contrary to public policy is a question of law to be determined from the circumstances of each particular case."). While this Court is bound by the district court's findings of fact unless they are clearly erroneous, it is not bound by the district court's conclusions of law and may draw its own conclusions from the facts presented. *Griffith v. Clear Lakes Trout Co.*, 143 Idaho 733, 737, 152 P.3d 604, 608 (2007). Thus, we Court reviews questions of law *de novo*. *TCR, LLC v. Teton Cnty.*, 174 Idaho 624, 638, 559 P.3d 302, 316 (2024) (citation omitted).

## IV. ANALYSIS

### A. The district court erred in holding that Ward was required to register as a contractor under ICRA.

Bishop challenges three aspects of the district court's judgment. First, Bishop argues that the district court erred by finding that any part of Ward's work was legal under ICRA. Second, Bishop contends that the district court erred by awarding Ward damages under an unjust enrichment theory. And third, Bishop asserts that the district court erred by awarding Ward costs and fees because Ward was not the prevailing party. Meanwhile, Ward cross-appeals the district court's ruling that he was required to register as a contractor under ICRA. Both Ward and Bishop seek attorney fees on appeal. Because we find Ward's cross-appeal dispositive, we address it first.

This issue centers on the pretrial stipulation set forth above in which Ward offered a stipulation to dismiss his wage claims and proceed to trial solely on his breach of contract and unjust enrichment claims. In doing so, Ward agreed that he was an "independent contractor" and not an employee. Bishop agreed and the case was tried with only one witness testifying: Joel Ward. Ward testified how he kept track of his hourly wage, how he was paid $10 per hour, then $12 per hour based on his good performance. Ward was asked only one question on cross examination about his "contractor" status. Bishop's counsel asked Ward if he was "registered as a contractor or subcontractor in the state of Idaho" between the years 2017 to 2019. Ward answered in the negative. Otherwise, the entirety of the evidence and testimony in this case centered on Ward's recordkeeping, Bishop's alleged lack of recordkeeping, and the evidentiary support for the amounts Ward claimed he was owed. Beyond that, Bishop did not say anything about the alleged illegality of their contract until after the trial had concluded. Then, once the district court entered findings in favor of Ward, Bishop raised the legal defense of the illegality of the contract in his memorandum in support of his motion to disallow costs and attorney fees. In that memorandum, Bishop asserted that Ward "was not established as an employee at trial and was therefore working on construction projects as an unregistered contractor." The district court, noting that a court can

6

address illegality of a contract at any time, amended its findings of fact and conclusions of law as set forth above.

Ward has cross-appealed, now asserting that "[i]llegality of a contract is an affirmative defense. As such, the defendant raising it has the burden of proof on the issue." (First citing I.R.C.P. 8(c)(1)(I); and then citing *Dick v. Reese*, 90 Idaho 447, 451, 412 P.2d 815, 817 (1966)). He claims that Bishop failed to establish this affirmative defense during trial, and that Ward, as an "employee" is entitled to exemption from registering under ICRA.

Bishop counters that Ward's day-of-trial stipulation should control. Bishop argues that judicial estoppel should bind Ward to his previous stipulation. Additionally, Bishop claims Ward's own evidence proves he was not a "casual contractor" because his work within Idaho resulted in $3,283.93 in damages, exceeding the cap imposed by section 54-5205(2)(f).

While Bishop's argument as to the casual contractor exemption has merit, his argument as to the illegality of the contract is misplaced. The trial in this case was not about Ward's status as a "contractor" under ICRA; it was about Ward getting paid for work he performed over a period of years and for which he was not paid. At the time of trial, Bishop gave no indication that his defense was that Ward was "engag[ing] in the business of, or hold[ing] himself out as, a contractor within this state" at the time he performed the work. I.C. § 54-5204(1).

That said, we recognize that a "contractor" is defined under ICRA as:

(a) Any person who in any capacity undertakes, offers to undertake, purports to have the capacity to undertake, or submits a bid to, or does himself or by or through others, perform construction; or

(b) A construction manager who performs construction management services.

I.C. § 54-5203(3). While a broad reading of this definition could support Bishop's argument below and on appeal that Ward was a contractor, subject to ICRA's requirements, Bishop put on *no* proof about that subject at trial. He relied solely on the parties' stipulation that Ward was an independent contractor for purposes of his wage claims. And the district court agreed with Bishop.

Therefore, we hold that the district court erred in its finding that "Ward does not dispute that he was a contractor, as defined under [s]ection 54-5203(3)(a)" of the Idaho Code. The stipulation offered by Ward had nothing to do with ICRA; it was premised on streamlining the trial by eliminating the need to prove that he was an employee for purposes of Idaho's wage claim statutes. As Ward notes in his appellate brief:

The ICRA was not "properly contained or included" in any way in the stipulation. Indeed [Bishop] did not raise the ICRA as an issue until two months *after* trial. Rather, Ward's stipulation applied only with respect to his wage claims, which claims use their own limited definition of employee.

(Quoting *Reding v. Reding*, 141 Idaho 369, 373, 109 P.3d 1111, 1115 (2005)).

No evidence in the record before us approached the proof necessary to establish that Ward was required to register as a "contractor" under ICRA. And it was Bishop's burden, as the party asserting ICRA as an affirmative defense to Ward's remaining claims, to establish such proof. *See Chandler v. Hayden*, 147 Idaho 765, 770, 215 P.3d 485, 490 (2009) ("[A] defendant bears the burden of proof at trial concerning an affirmative defense."). While Ward testified about the general nature of the labor he performed for Bishop, that work alone, coupled with the stipulation entered before trial, is insufficient to reach the district court's result here.

Bishop argues in response that illegality of a contract can be raised at any time—even that a trial court has a duty to raise the issue *sua sponte*—and that he therefore had no obligation to establish such proof at trial. While this legal premise is correct, the application of the premise on the record here was erroneous.

Idaho has long recognized the general rule that illegal contracts are unenforceable. *Trees v. Kersey*, 138 Idaho 3, 6, 56 P.3d 765, 768 (2002); *see also Zimmerman v. Brown*, 30 Idaho 640, 645-46, 166 P. 924, 926 (1917) ("Where a license is prescribed by statute . . . for the protection of the public, as a requisite to a particular trade or business, . . . contracts violative thereof because of lack of the license are void."). "An illegal contract is one that rests on illegal consideration consisting of any act or forbearance which is contrary to law or public policy." *Quiring v. Quiring*, 130 Idaho 560, 566, 944 P.2d 695, 701 (1997). The illegality of a contract may be "raised at any stage in litigation." *Trees*, 138 Idaho at 6, 56 P.3d at 768. In fact, courts have the duty to "raise the issue of illegality *sua sponte*." *Id.*

"Whether a contract is illegal is a question of law for the court to determine from all the facts and circumstances of each case." *Farrell v. Whiteman*, 146 Idaho 604, 608, 200 P.3d 1153, 1157 (2009). Again, we review such questions *de novo*, which is "free review." *Genho v. Riverdale Hot Springs, LLC*¸ 174 Idaho 894, 901, 560 P.3d 1041, 1048 (2024). Considering all the "facts and circumstances" of this case, we hold that they are insufficient to support a legal finding that Ward was required to register as a contractor under ICRA.

The stipulation of the parties here is woefully inadequate to establish that Ward was a "contractor" under ICRA. "[S]tipulations of parties or counsel made in pending proceedings are conclusive *as to all matters properly contained or included therein*." *Reding*, 141 Idaho at 373, 109 P.3d at 1115 (emphasis added). Based on Ward's arguments below, there was and clearly is disagreement between the parties about the scope of the stipulation. At the time Ward stipulated to being an independent contractor, Bishop had not asserted the ICRA affirmative defense to Ward's other claims. Given the way the stipulation was entered, and the nature of the evidence (or lack thereof) presented at trial, we hold that the stipulation governed Ward's contractual status as a laborer working with Bishop; it had nothing to do with Ward's status as a "contractor" under ICRA.

Also, the stipulation was not definite enough to bind Ward to a factual agreement that he was a "contractor," requiring him to register under Idaho Code section 54-5204. This is particularly so given that ICRA's limitation requiring "contractors" to register was not even identified as an issue to be tried at the time the stipulation was offered. As we have noted, Bishop first raised his ICRA argument two months after the trial concluded in a post-trial motion objecting to an award of attorney fees. "While no particular form of stipulation is required when made orally in open court, . . . its terms must be definite and certain in order to render the proper basis for a judicial decision. 73 Am. Jur. 2d *Stipulations* § 2 (database updated Nov. 2025); *see also Kohring v. Robertson*, 137 Idaho 94, 99, 44 P.3d 1149, 1154 (2002) ("A stipulation is a contract. The enforceability of an oral stipulation is determined by contract principles. . . . A contract must be complete, definite and certain in all its material terms, or contain provisions which are capable in themselves of being reduced to certainty." (citation modified)). The stipulation here is anything but "definite and certain" as to Ward's status as an ICRA contractor.

As a result, the record does not establish that Ward was required to register under ICRA's registration requirements, and the district court erred in holding otherwise. The stipulation whereby Ward gave up his wage claims as an "employee" was limited to his claims under 29 U.S.C. §§ 206 and 207, and Idaho Code sections 44-1502 and 45-609. The stipulation had nothing to do with ICRA. "A stipulation is not effective beyond the subject which it actually covers." 73 Am. Jur. 2d *Stipulations* § 7 (databased updated Nov. 2025); *see also Reding*, 141 Idaho at 373, 109 P.3d at 1115 (refusing to extend a stipulation beyond the level of litigation it was initially made for).

Given the state of the record before us, we hold that the district court erred in setting aside its original findings. For the reasons discussed above, we conclude that Bishop failed to establish that Ward was a contractor for purposes of ICRA. Consequently, he also failed to prove that ICRA required Ward to register as a contractor and that their contract was illegal due to Ward's failure to register. We therefore vacate the district court's judgment and order that its original findings of fact be reinstated and that an amended judgment consistent with its original findings of fact be entered. Given our decision today, Ward was indisputably the prevailing party under the district court's original findings, so we need not address Bishop's argument that Ward did not prevail and therefore could not be awarded attorney fees and costs. The fees and costs previously awarded by the district court should be reflected in the amended judgment on remand. We do not reach most of the parties' other arguments on appeal, such as whether Ward could recover damages under an unjust enrichment theory or whether Ward was entitled to any attorney fees as the prevailing party below. The district court's original findings are to be reinstated, meaning that there will no longer be any award of damages for unjust enrichment. All that is left is to determine if either party is entitled to attorney fees on appeal.

**B.      Ward is entitled to attorney fees on appeal.**

Both parties request attorney fees on appeal pursuant to Idaho Code section 12-120(3) because the claim arose out of a commercial transaction. "[A]ll transactions except transactions for personal or household purposes" are commercial transactions. I.C. § 12-120(3); *see also Oakes v. Boise Heart Clinic Physicians, PLLC*, 152 Idaho 540, 546-47, 272 P.3d 512, 518-19 (2012) (holding that breach of employment contract claims are commercial transactions). Bishop has not prevailed on appeal and is not entitled to attorney fees. Ward has prevailed on his cross-appeal. As such, he is entitled to an award of attorney fees and costs.

V. CONCLUSION

We vacate the district court's judgment and direct that its original findings of fact be reinstated. The attorney fees and costs previously awarded by the district court should be reflected in the amended judgment on remand. Ward is awarded attorney fees on appeal pursuant to Idaho Code section 12-120(3). Ward is awarded costs as the prevailing party. I.A.R. 40(a).

Justices BRODY, MOELLER, ZAHN, and MEYER concur.

10